VICTOR BENULIEWICZ *vs.* ABRAHAM BERGER & another.

Plymouth. March 13, 1923. — May 23, 1923.

Present: RUGG, C.J., BRALEY, DeCOURCY, CROSBY, & PIERCE, JJ.

*Practice, Civil,* Exceptions; Conduct of trial: colloquy of judge with counsel. *Evidence,* Self-serving statement, Competency, Materiality.

The defendant at the trial of an action of tort for conversion of an automobile, in which an issue was, whether the defendant had been paid for the automobile by one to whom he had sold it on conditional sale, was not harmed by the admission in evidence of a check of a third person to the defendant which the vendee testified he had given to the defendant for a balance due on the purchase price, although the vendee was unable to testify that an indorsement of the defendant's name on the check was in the defendant's handwriting, if the defendant afterwards testified and admitted the genuineness of the indorsement.

Above the indorsement on the check above described, when it was introduced in evidence, was written an acknowledgement of receipt of the check in full payment for the automobile and a release of the vendee from further liability. The defendant testified that this acknowledgement was not on the check when he indorsed it and, to show his customary place of indorsing, offered in evidence and the judge excluded checks indorsed by him after a previous trial of the action. *Held,* that the exclusion was proper, because the evidence was self-serving and incompetent and immaterial.

An exception to a comment, made in colloquy with counsel during the presentation of evidence, by a judge presiding at the trial of an action of tort for conversion of an automobile and relating to a failure of the defendant to find certain information at the records of the State highway department, to the effect that such failure might have been because of "denseness" rather than "searching," was overruled, it not appearing to have affected any issue at the trial.

Tort for conversion of an automobile. Writ in the Police Court of Brockton dated July 26, 1921.

On appeal to the Superior Court, the action was tried before *Wait*, J. The only exceptions saved by the defendants were to rulings as to the admission and exclusion of evidence and to certain remarks by the judge in colloquy with counsel, which are described in the opinion. There was a verdict for the plaintiff in the sum of $700; and the defendants alleged exceptions.

*G. C. Friel*, for the defendants.

*J. W. Murdoch*, for the plaintiff.

Rugg, C.J. This is an action of tort for the conversion of an automobile. The contention of the defendants at the trial was that they sold the automobile to one Greenfield on a contract of conditional sale or lease, in which title was reserved in them until the entire purchase price was paid, and that the last instalment on the purchase price not being paid on May 25, 1920, as stipulated, they repossessed themselves of their property. Greenfield testified that he agreed with the defendants to pay them $150 on January 16, 1920, in full payment of the balance due on the car, and offered in evidence the check of a third person of that date, payable to the order of the defendants, bearing the indorsement, " A. Berger & Son, by David Berger." Over the indorsement was written acknowledgment of receipt of the check in full payment of the automobile and releasing Greenfield from further liability. The check was admitted in evidence although Greenfield testified that he did not know the signature of the indorsers. Whether there was error need not be considered, because the defendant David Berger, later called as a witness, admitted the genuineness of the indorsement although denying that the statement above the indorsement was there at the time of the indorsement. In this there was no error.

Checks indorsed by the defendants after the trial in the district court, offered for the purpose of showing the customary place of indorsement by the defendants, rightly were excluded. Self-serving acts of the defendants were inadmissible. Moreover, the customary place of indorse-

ment does not appear to have had pertinency to any issue raised at the trial. *Aradalou* v. *New York, New Haven & Hartford Railroad*, 225 Mass. 235, 240.

The comment of the presiding judge on the failure of one of the defendants to find certain information at the records of the State highway department, to the effect that it might have been because of " denseness " rather than " searching " cannot be said on this record to have been error. It was part of a colloquy between court and counsel during the presentation of evidence. *Partelow* v. *Newton & Boston Street Railway*, 196 Mass. 24, 31, to 34. This subject also does not appear to have been relevant to any issue.

*Exceptions overruled.*