## SAM BROOSLIN *vs.* LOUIS COHN.

Hampden.     January 6, 1930. — January 8, 1930.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Practice, Civil,* Conduct of trial.

At the trial of an action of tort by one riding in an automobile of the
defendant, for personal injuries alleged to have been sustained through
the negligence of the defendant, the plaintiff testified that he had
requested the defendant not to drive the automobile so fast. A witness
for the defendant, who was with him in the automobile, stated, in an-
swer to a question, whether he had heard the plaintiff make such request,
that he did not remember whether the plaintiff had said it or not.
The trial judge then asked the witness "if he did not think he would
remember if the plaintiff had said it." It did not appear that the
question was answered. *Held,* that, whether the question was answered
or not, no error prejudicial to the plaintiff was shown: the judge was
within his rights in asking it.

TORT.     Writ dated November 14, 1927.

At the trial in the Superior Court before *Greenhalge,* J.,
the plaintiff testified that he requested the defendant not
to drive his automobile so fast. Other material evidence
and a question, asked by the judge of a witness who had
been riding in the automobile with the plaintiff and the
defendant, are stated in the opinion. The jury found for
the defendant and the plaintiff alleged an exception to the
question by the judge.

The case was submitted on briefs.

*H. A. Moran,* for the plaintiff.

*W. J. Granfield & J. M. Noonan,* for the defendant.

RUGG, C.J.    This is an action of tort to recover com-
pensation for personal injuries alleged to have been sus-
tained by the plaintiff, while riding in the motor vehicle
of the defendant, through the negligence of the latter. A
witness called by the defendant, in answer to a question
whether he heard the plaintiff request the defendant to
go slowly, said that he did not know whether it was said or

not. The presiding judge asked the witness, in substance, "if he did not think he would remember if the plaintiff had said it. To this remark the plaintiff duly excepted, claiming that it was prejudicial." Apparently the question was not answered. Whether this be regarded as an unanswered inquiry or whether it be assumed that it was answered, no error is disclosed. The presiding judge had a right to put the question. *Palmer* v. *White*, 10 Cush. 321. *Sherman* v. *Sherman*, 193 Mass. 400. *Benuliewicz* v. *Berger*, 245 Mass. 137, 139.

*Exceptions overruled.*