[Civ. No. 10202.   Second Appellate District, Division One.—July 24, 1935.]

COUNTY OF LOS ANGELES, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION OF THE STATE OF CALIFORNIA and MARY M. VALLELY, Respondents.

Everett W. Mattoon, County Counsel, and Fred M. Cross, Deputy County Counsel, for Petitioner.

Everett A. Corten and Arthur I. Townsend for Respondents.

CONREY, P. J.—Olive View Sanitarium is a hospital institution maintained by the County of Los Angeles.   On the eighteenth day of August, 1930, Mary M. Vallely received accidental. injuries arising out of and in the course of her employment as a waitress in that place.   Thereafter she was furnished hospital and medical treatment by her employer the County of Los Angeles, and was paid full compensation on the basis of an informal rating of 42 per cent permanent disability.   On December 20, 1930, she was discharged from

the hospital, but she remained under the care of the county's physician and received treatments from him at his office until the following September.

No application for adjustment of claim was filed with the Industrial Accident Commission by Mrs. Vallely until June 14, 1934, and this claim is only for a "wage adjustment" for services rendered to the applicant at home by her son for about three months after her discharge from the hospital. The sum awarded is $135. From the applicant's testimony it appears that at the time of her discharge from the hospital she was wearing a brace for her back, said brace having been prescribed as a part of her treatment for the injury; that she was unable to put on or remove this brace without assistance. In other words although, as the physician said, this was now an ambulatory case, the patient's testimony indicates that she still required some assistance such as a nurse would give. On the other hand, it is admitted that after her discharge from the hospital she made no request to the county or its representatives for the services of a nurse. Substantially the only support for the claim in this respect is that she went to the physician's office regularly once a week and that he must have known that she needed nursing services, but made no arrangement for her to obtain such services. The Workmen's Compensation Act of 1917 (Act 4749, Deering's Gen. Laws, 1931 ed.), section 9, provides that "Where liability for compensation under this act exists, such compensation shall be furnished or paid by the employer and be as provided in the following schedule: (a) Medical and hospital treatment. Such medical, surgical and hospital treatment, including nursing, . . . as may reasonably be required to cure and relieve from the effects of the injury, the same to be provided by the employer, and in case of his neglect or refusal seasonably to do so, the employer to be liable for the reasonable expense incurred by or on behalf of the employee in providing the same; . . . "

The evidence produced before the commission is set forth in the return to the writ of review. In our opinion it fails to show either neglect or refusal of the county, or those representing the county, as employer of the claimant, to provide the applicant with such nursing care as she reasonably required, or at all. We think that the evidence

before the commission was not sufficient to give it authority to make the award here in question. So far as appears from the evidence the services rendered to the employee by her son were rendered by him gratuitously, as by a son to his mother, and without any contract or claim for compensation. We find no authority for the proposition that under these circumstances there was any legal foundation for a subsequent claim such as was allowed by the award in this case. In *Galway* v. *Doody Steel Erecting Co.*, 103 Conn. 431 [130 Atl. 705, 44 A. L. R. 693], the Supreme Court of Connecticut had under consideration the validity of an award in favor of the claimant's wife for services rendered in nursing him during convalescence, in a proceeding brought under the Workmen's Compensation Act of that state. The injured employee had been transferred from the hospital to his home because the surgeon in charge advised that his recovery would he hastened thereby, and with the knowledge that the claimant would need a very considerable amount of nursing from his wife. In holding against the claim for compensation on account of services thus rendered by the wife the court said: "His helpless condition doubtless required that Mrs. Galway should be in attendance or within call, but there is nothing in the finding to show that the services rendered were other than those which might reasonably be expected from any affectionate wife who was physically able to give them, or that they were not voluntarily and gratuitously rendered." This same observation may appropriately be made in the case at bar, with respect to the services rendered to Mrs. Vallely by her son.

The award is annulled.

Houser, J., and York, J., concurred.