PEARSON, Judge.
The petitioner was the claimant before the deputy commissioner. An order of the deputy commissioner reducing an award of money for practical nursing services to petitioner’s wife from $56 per week to $40 per week was affirmed by the full commission. There were other aspects of the deputy commissioner’s order which were also affirmed but we are not here concerned with any question not raised by the petition.
The following brief historical statement is quoted from the compensation order of the full commission:
“The claimant was employed by the Allapattah Home & Auto Supply Company as a salesman. On April 14, 1949, he sustained a back and leg injury arising out of and in the course of his employment. Claimant was paid compensation and furnished medical benefits on behalf of the employer by Liberty Mutual Insurance Company, which was the employer’s compensation insurance carrier at that time. An Order was entered by a Deputy Commissioner in October 1953, finding the claimant to be permanently partially disabled to the extent of 100 per cent loss of use of the body as a whole (there is no question but what the Deputy Commissioner intended his finding to be that claimant was permanently and totally disabled in view of his finding that the disability consisted of 100 per cent loss of use of the body as a whole). Under the then existing law, claimant was entitled to receive $22 a week for 350 weeks which he was paid in a lump sum.
“The claimant returned to work for the same employer in February 1954, although he was unable to perform full-time duties and had no regular hours of employment. The evidence indicates, however, that regardless of the part-time work habits he succeeded in maintaining the same sales quota as other salesmen employed by the employer and the employer testified that claimant earned the $60 a week salary ■paid him. Liberty Mutual Insurance Company continued to furnish such remedial treatment as required by the nature of his injury.
“On September 30, 1955, the claimant slipped on a newly waxed floor while working for the same employer, thereby sustaining injuries which resulted in his hospitalization. At the *337 time of this injury the employer had insurance coverage for workmen’s compensation with National Surety Corporation. Claimant filed claim for compensation benefits on October 21, 1955. The claim was controverted by the National Surety Corporation and the Deputy Commissioner by Order dated May 28, 1956, ordered the National Surety Corporation to pay compensation for temporary total disability commencing September 30, 1955, less the four-day waiting period. The Deputy further ordered the Liberty Mutual Insurance Company and the National Surety Corporation to pay the costs of remedial treatment afforded claimant, the costs to be borne by the carriers in equal shares.
“National Surety Corporation appealed the Order of the Deputy Commissioner, contending that where one has been adjudicated as being permanently and totally disabled, he cannot thereafter again become totally disabled. The Full Commission affirmed the Order of the Deputy Commissioner and thereafter the Supreme Court of Florida affirmed the Order of the Full Commission in Dennis v. Brown, Fla 1957, 93 So.2d 584.
“Following the affirmance by the Full Commission and the Supreme Court of the Deputy Commissioner’s Order dated May 28, 1956, further proceedings were held before another Deputy Commissioner who entered an Order requiring the Liberty Mutual Insurance Company and National Surety Corporation to pay for nursing services at the rate of $40 per week, the costs of same to be shared on a 70-30 percent ratio respectively; both carriers to furnish remedial treatment as the nature of the injury and process of recovery may require, the costs of which will be borne in the same percentage ratio; National Surety Corporation to pay claimant compensation for permanent total disability with reimbursement to the carrier by the Special Disability Fund of all amounts paid in- excess of 105 weeks of compensation.”
Upon the question of the reduction of the amount to be paid for the nursing services the Full Commission found:
“With respect to the costs of nursing services about which the claimant is complaining, we wish to point out that such services are normally considered to be gratuitous where they are rendered by immediate members of the family. We think the Deputy in the instant cause, from the evidence adduced before him, had a certain latitude to adjudicate the costs of such services and his adjudication thereof should not be disturbed on this review.”
Claimant’s wife was receiving the sum of $28 a week from the first carrier prior to the second injury which occurred on September 30, 1955. It appears without controversy that following this latter accident, the first carrier continued to pay the wife $28 a week for practical nursing services rendered to her husband and that subsequently the second carrier started to pay an additional $28 a week. The deputy’s order appears erroneous, since one of the physicians, Dr. Haverfield, and petitioner’s wife, testified that claimant required full time nursing services. Dr. Neal also testified that petitioner required eight hours a day nursing services. No other evidence upon the subject appears in the record.
We therefore hold that there was no competent substantial evidence before the deputy commissioner upon which he could have based his finding which reduced the amount allowed for the practical nursing services from $56 per week to $40 per week. The Supreme Court of Florida had before it a case involving similar services in Brinson v. Southeastern Utilities Services Co., Fla.1954, 72 So.2d 37, 39. In that case, the deputy commissioner allowed the claim *338 ant’s wife, for her services as a practical nurse while caring for her husband, the sum of $40 weekly which he computed as the amount she could earn in five days of each week, if employed away from home. The Court held:
“Without disturbing the facts, we conclude that this figure should be increased to $56 weekly in view of the undisputed evidence that the husband, employee, required constant attention and aid.”
We have considered the other matters raised by the petitioner and find them insufficient. Accordingly, the petition for writ of certiorari is granted and the cause remanded to the full commission with directions to amend its order of affirmance by directing the deputy commissioner to enter an amended compensation order requiring the payment of a total of $56 per week to the wife of petitioner for practical nursing services from and after September 30, 1955, excepting periods since that date when petitioner was confined in hospitals.
Certiorari granted.
CARROLL, CHAS., C. J., and HORTON, J., concur.