Strafford,
No. 4772.

RAYNOLD BEDARD

*v.*

PUBLIC SERVICE COMPANY & *a.*

Submitted December 2, 1959.
Decided December 31, 1959.

*Fisher, Parsons & Moran* for the plaintiff.

*Sulloway, Hollis, Godfrey and Soden* for the defendant Public Service Company of New Hampshire.

BLANDIN, J. The question presented is whether the plaintiff, upon showing continued disability, is entitled to further medical and hospital benefits extending beyond a three hundred-week period, under Laws 1947, *c.* 266, *s.* 19, (now RSA 281:21), which, as the parties agree, was in force at the time of the accident and

therefore is controlling. *Opinion of the Justices,* 99 N. H. 509, 510, and authorities cited.

Section 19, after providing for medical and hospital services to be furnished the employee by the employer for a period of ninety days, goes on to state: "Such ninety day period may be extended from time to time at the discretion of the commissioner of labor upon written request of the injured employee to the commissioner of labor and after the employer has been given an opportunity to file objections thereto and to be heard thereon . . . such aid shall not be considered under the provisions of sections 20 to 24."

Section 28 (now RSA 281:30) in force together with *s.* 19, *supra,* under the heading "Maximum Benefits," provides, so far as is applicable here, that in no case "shall any payments extend over a period of three hundred weeks from the date of the injury." It is the plaintiff's contention that because no time limit is put upon the right of the Commissioner of Labor, within his discretion, to extend the period for payments, under *s.* 19, *supra,* he may, in a proper case, order them to continue so long as the employee's disability lasts. The question is one of legislative intent to be determined not by considering certain sections in isolation, but by viewing the whole act, its history and purpose.

From the time the legislation was first passed in 1911 (Laws 1911, *c.* 163) up to the present, the policy has been to liberalize all benefits under the Law, including compensation as well as medical, hospital and remedial care, but also to set fixed limits upon such recovery, both as to time and amount.

In Laws 1947, *c.* 266, *s.* 19, *supra,* under the heading of "Medical, Hospital Care, etc.," for the first time appeared the clause which permitted the Commissioner of Labor to extend the time for remedial care in special cases beyond the ninety-day limit. By Laws 1955, *c.* 98, *s.* 9 (now RSA 281:30), under the heading "Maximum Benefits, Limitation of," after setting limits to the amount of compensation payable, the section concluded as follows: "Nor shall any payments, including medical, hospital services, and other remedial care under section 19, extend over a period of more than three hundred and forty-one weeks from the date of the injury."

The plaintiff argues that the insertion of the time limit here further supports his claim that no time limit existed before under *c.* 266, *s.* 19, *supra.* In short, his position is that while throughout the history of the Law the legislative policy had been to set

definite limits as to time and amount upon the benefits recoverable, this policy was abandoned in 1947 as to the period during which medical and hospital care were to be furnished and then re-adopted in 1955. He would ascribe to the Legislature in 1947 a more liberal attitude as to the time limit during which benefits might be paid than in 1955, in spite of the enormously increased cost of hospital and medical services.

We believe this position cannot be maintained, as it is inconsistent with the history and policies of the law and the tenor of our previous holdings. In *Carbonneau* v. *Company*, 97 N. H. 438, decided under *c*. 266, *s*. 19, *supra*, we stated at *p*. 441: "It is well settled that our compensation act is intended primarily to afford limited compensation (*Mulhall* v. *Company*, 80 N. H. 194, 199) to the injured employee for his loss of earning capacity. *Peak* v. *Company*, 87 N. H. 350, 352. Provision for remedial care *for a limited period* following an injury has long been a part of the statute. Laws 1923, *c*. 91, *s*. 1. It was doubtless intended to preserve to the employee the benefit of compensation without substantial reduction for medical or hospital expense." (Emphasis supplied.)

Other jurisdictions under statutes comparable to ours so far as material here have reached a similar conclusion. In *Simpson's Case*, 144 Me. 162, the governing provisions of the Maine law read as follows: "During the first thirty days after an injury aforesaid the employee shall be entitled to reasonable and proper medical, surgical and hospital services, nursing, medicines and mechanical surgical aids when they are needed. The amount of such services and aids shall not exceed one hundred dollars unless a longer period or a greater sum is allowed by the commission, which in its discretion it may allow when the nature of the injury or the process of recovery requires it." Laws of Maine, 1929, *c*. 300, *s*. 9. Section 11 provided: "While the incapacity for work resulting from the injury is total, the employer shall pay the injured employee a weekly compensation equal to two-thirds his average weekly wages . . . and in no case shall the period covered by such compensation be greater than five hundred weeks from the eighth day following the accident, nor the amount more than six thousand dollars . . . . "

The court, in its opinion denying the right to an extension of benefits beyond the five hundred-week period, spoke as follows, *p*. 168: "Since the enactment of the 1929 Act, as before, services

and aids are available to an employee before and during the time he is entitled to draw compensation but not thereafter. At the expiration of the maximum period during which he is entitled to draw it, or upon the payment, or accrual, of the maximum amount payable to him, without reference to services and aids, the Commission's authority in connection with services and aids terminates, except so far as it may be called upon to determine allowances for those furnished during the compensation period. The Commission had no authority to make the awards carried in the decision under review."

Though the statute was later changed, the Massachusetts court in like circumstances to ours and under a similar statute in *Meuse's Case*, 270 Mass. 29, arrived at the same result.

It appears that our 1955 amendment was designed to clarify the law and remove the chance of a misunderstanding such as has arisen here, rather than to set forth a new policy. See *Crown Woodworking Co.* v. *Goodwin*, 100 N. H. 431, 434; *Hull* v. *Insurance Co.*, 100 N. H. 387, 390. It follows that the plaintiff is not entitled to medical and hospital benefits extending beyond a three hundred-week period from the date of his injury.

*Judgment for the defendant.*

All concurred.