**TRANSPORT INSURANCE COMPANY,**
**Appellant,**

**v.**

**A. L. POLK et ux., Appellees.**

**No. 16613.**

Court of Civil Appeals of Texas.

Fort Worth.

March 5, 1965.

Rehearing Denied April 2, 1965.

Leachman, Gardere, Akin, Porter & DeHay, J. Carlisle DeHay, Jr., and Henry D. Akin, Dallas, for appellant.

Jacobs & Lipscomb, and Cue Lipscomb, Fort Worth, for appellees.

MASSEY, Chief Justice.

Suit was to recover of the Workmen's Compensation insurer, Transport Insurance Company, the value of nursing services rendered A. L. Polk following date of the settlement of his original claim for compensation under the Texas Workmen's Compensation Act. These services were rendered by Bonnie O. Polk, wife (not a nurse), after rejection of the demand made upon the insurer to provide them. Polk was at all material times a helpless, or near helpless, quadriplegic case. Such condition resulted from a severance of spinal nerves at the level of the sixth cervical vertebra.

Since the amendment of 1957, Art. 8306, § 7, "Medical services" (of the Texas Act, Vernon's Ann.Tex.St., Title 130, "Workmen's Compensation Law", Art. 8306 et seq.), insurers are obliged to furnish "medical aid, hospital services, nursing, chiropractic services, and medicines as may reasonably be required at the time of the injury *and at any time thereafter to cure and relieve from the effects naturally resulting from the injury.*" (Emphasis supplied.)

Further provision of said section 7 is that "If the association fails to so furnish reasonable * * * nursing * * * as and when needed after notice of the injury to the association or subscriber, the injured employee may provide said * * * nursing * * * at the cost and expense of the association. The employee shall not be entitled to recover any amount expended or incurred by him for said * * * nursing * * *, nor shall any person who supplied the same be entitled to recover of the association therefor, unless the association or subscriber shall have had notice of the injury, and shall have refused, failed or neglected to furnish it or them within a reasonable time."

The Polks were careful to lay a predicate for the litigation of the exact question. On January 24, 1961, Mr. Polk was injured in the scope and course of his employment. On account thereof he claimed right to compensation benefits. October 3, 1963, a judgment of a district court of this

state was entered, based upon a compromise settlement agreement. By the terms of said judgment Polk's rights were settled and disposed of to the date of the award of the Industrial Accident Board of April 9, 1963. The judgment specifically provided that all claims of A. L. Polk arising under the Workmen's Compensation Law of the State of Texas after April 9, 1963, should in no way be affected. Indeed, as the parties have stipulated, both Mr. and Mrs. Polk made demand upon the insurer before April 9, 1963, and down to the time trial was begun, that it furnish Polk additional nursing services above and in addition to those services which it has at all material times furnished and which it continues to furnish. The Polks' demands were rejected. Mrs. Polk provided the services to her husband.

In one sense the dispute is over the amount of nursing services the insurer is obliged to furnish A. L. Polk under the provisions of Art. 8306, § 7, and has been obliged to furnish since April 9, 1963.

The insurer has at all material times furnished to Polk the nursing services of one Gilbert Tejada, a Licensed Vocational Nurse. He is in attendance upon Mr. Polk in the Polk home some eight or ten hours per day, save Sundays, when he is in attendance an average of four hours per day. The insurer contends that this amount of nursing service has at all times been the maximum which it is obliged to provide. The Polks contend the contrary. Under their theory, nursing service is required at all hours, twenty-four hours per day. This was their demand of the insurer, on and after April 9, 1963. Upon its refusal Mrs. Polk furnished those services which both Mr. and Mrs. Polk contend constituted compensable "nursing services" under the Act.

We believe, and hold, that all fact issues necessary to be determined in this case were resolved by jury findings which were supported by evidence, and which findings were not against the great weight and preponderance of the evidence. The issue of whether Mrs. Polk's services were gratuitous would in our opinion be defensive had it been raised by pleading and evidence. No issue thereon was submitted to the jury and the insurer did not seek to have a specially requested issue thereon submitted.

By the jury findings it was established that (1) the insurer did fail to furnish A. L. Polk with reasonable and necessary nursing services between April 9, 1963 and April 26, 1964 (said date being that upon which the cause went to trial); (2) Mrs. Bonnie Polk did furnish reasonable and necessary nursing services between said dates; (3) the reasonable charge for such nursing services so rendered between April 9, 1963 and December 17, 1963 was $4,200.00; and (4) the reasonable charge for such nursing services rendered from December 18, 1963 to April 26, 1964 was $2,300.00.

Based upon the stipulations of the parties and the verdict aforesaid, the trial court rendered judgment in behalf of the Polks and against the insurer for the sum of $6,500.00, plus interest at 4%, compounded annually, from April 27, 1964.

■ Our holding: Recovery may be had under Art. 8306, § 7, for necessary nursing services, and in the amount representing the reasonable value thereof, though they be rendered by the spouse of the injured employee to which the article and section has application, when the insurer shall have refused, failed or neglected to furnish them.

■ The parties to the appeal agree that our decision is to be the first in Texas upon the question. Decisions in other jurisdictions are persuasive, though in no way determinative. Of aid in this respect were California Casualty Ind. Exch. v. Industrial Acc. Comm., 84 Cal.App.2d 417, 190 P.2d 990 (1948), and Daugherty v. City of Monett, 238 Mo.App. 924, 192 S.W.2d 51 (1946).

Of course, Mr. Polk could not enter into an enforceable contract with his wife to render the services which were requisite. But the insurer could have done so, most certainly with the consent of Polk. The nursing services being necessary, it was the obligation of the insurer to furnish them. Of course where, as here, there is a bona fide dispute as to the necessity of such services, there occurs a consequent delay incident to resolving the question by litigation. What of a helpless individual, such as was Mr. Polk in the instant case? If, indeed, nursing services were essential and within the provisions of the statute, he would be entitled to secure them at the ultimate cost of the insurer. This the insurer does not deny. The insurer does deny, however, the right of Mrs. Polk to supply such services at its ultimate cost. Premise for such contention is the existence of the matrimonial relationship between the Polks in this a community property state. Mrs. Polk could not recover from her husband whether her claim be founded in contractual or quasi contractual principles. It necessarily follows, claims the insurer, that she could not recover from the insurance carrier. Furthermore, it is averred, a one-half interest in any such recovery would inure to Mr. Polk, thus allowing him a recovery in excess of that provided by the Workmen's Compensation Act,— with corresponding deprivation of the insurer's property rights in violation of the State and Federal Constitutions.

■ We do not believe that recovery is inhibited. Of interest in connection therewith are the principles considered in Restatement of the Law, Restitution, Ch. 2, "Mistake, Including Fraud", § 40, "When Restitution for Services is Granted",—to be found under subsection (d) relating to one's entitlement to restitution for services performed in the discharge of a duty of the other. The statute under consideration provides in substance the same thing that the subsection indicates as proper under principles of common law. That Polk would in-

directly obtain a profit from the insurer's payment for services rendered to him by his wife would not inhibit the imposition of liability on the insurer.

Other than the California and Missouri cases already mentioned as persuasive, the Polks' counsel cited the following as bearing upon the question: A. G. Crunkleton Electric Co. v. Barkdoll, 227 Md. 364, 177 A.2d 252 (1962); Bushnell v. City of Duluth, 241 Minn. 189, 62 N.W.2d 813 (1954); and Oolite Rock Company v. Deese, 134 So. 2d 241 (Fla., 1961). The insurer has cited the following cases: Bituminous Casualty Corp. v. Wilbanks, 60 Ga.App. 620, 4 S.E.2d 916 (1939); Claus v. De Vere, 120 Neb. 812, 235 N.W. 450 (1931); Frame v. Frame, 120 Tex. 61, 36 S.W.2d 152, 73 A.L.R. 1512 (1931); Graf v. Montgomery Ward & Co., 234 Minn. 485, 49 N.W.2d 797 (1951); and Los Angeles County v. Industrial Accident Commission, 8 Cal.App.2d 492, 48 P.2d 97 (1935).

The insurer contends that under the provisions of Art. 8306, § 7, nursing services as prescribed thereby to be provided by insurers are such as are required to "cure and relieve" from the effects naturally resulting from the injury. The language of the provision is made in the conjunctive, and the insurer contends that under the undisputed evidence in the instant situation Mr. Polk cannot be "cured" but can only be "relieved" from the effects which naturally resulted from his injury. Hence, its claims that there is no liability.

■ Under principles of statutory construction, and with consideration given to the purposes intended in the enactment of the Texas Workmen's Compensation Act generally, and of Art. 8306, § 7 in particular, we hold that said provision imposes liability upon the insurer for such services to an injured employee as therein specified, including nursing, where the services will effect relief from the effects naturally resulting from injury, irrespective of whether any curative effect might flow therefrom.

In connection with the trial of the case below the parties stipulated that all the relief sought by the Polks for the period from April 9, 1963 to December 17, 1963, was presented to the Industrial Accident Board of Texas; but that all the relief sought from December 18, 1963 to April 26, 1964 (when the parties went to trial) had never been presented to nor passed upon by such Board. The Polks litigated the right of Mrs. Polk to be compensated for services rendered up to the time of the trial. This was over the objection of the insurer that the court did not have jurisdiction of the controversy existing between the parties after December 17, 1963, and that no court could have jurisdiction thereof until it had been presented to and acted upon by the Board, with appeal thereafter taken from the Board's award into an appropriate court.

The action of the trial court in holding that it had jurisdiction to try and decide the controversy, as it existed up to the time of trial, is made the subject of a group of points of error.

■ The points of error are overruled. Common-sense construction of V. A. T. S., Art. 8307, § 5, "Determination of questions; suit to set aside final ruling and decision; * * *", would demonstrate the fallacy of the insurer's contention when one views the exact question posed but under the hypothesis that the state of the trial court's docket is such that trial could not be reached for a year or two after appeal from the Board's award is perfected. In any event, however, it necessarily follows from the interpretation of law by the Supreme Court of Texas in Zurich General Accident & Liability Ins. Co. v. Rodgers, 128 Tex. 313, 97 S.W.2d 674 (1936), that a case such as that before us has the same status for its *de novo* trial after appeal has been perfected from an award of the Board, as though it were being presented for the first time to the Board itself. The court

would properly have complete jurisdiction to try issues existent at the very time trial was begun (including issues which were not existent at the time of the award of the Board, but were when the case was called for trial).

Finally, the insurer has presented two points of error which contend that the jury findings were excessive upon the amount constituting a reasonable charge for nursing services between April 9, 1963 and December 17, 1963 ($4,200.00), and the amount constituting a reasonable charge for nursing services between December 18, 1963 and April 26, 1964 ($2,300.00).

■ Calculations indicate that the jury was allowing $1.25 per hour when it found $4,200.00 and was allowing $1.18 per hour when it found $2,300.00. Under the evidence the hourly rate allowed would not be excessive. The jury deducted the number of hours worked by the regularly employed nurse, Mr. Gilbert Tejada, from the total amount of nursing time as such would be calculable on the basis of the requisite nursing being 24 hours each day. Thus, if Mr. Tejada worked 10 hours, leaving 14 hours of nursing time in a single calendar day, the jury considered it proper to multiply 14 by whichever of the two different hourly rates it wished to apply, in order to determine the proper amount to be charged per day. Adding the proper daily or weekly charge for each period as to which a charge was calculable resulted in the amounts found by the jury in its answers.

■ Although we might not agree that the jury should have calculated requisite nursing periods upon a 24 hour per day basis, we do not doubt that the jury was authorized to do so by the evidence. Since it was so authorized we cannot say that the amounts found were excessive. Points of error so contending are overruled.

Judgment is affirmed.