In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-99-00175-CV
______________________________


THE TRAVELERS INSURANCE COMPANY, Appellant
 
V.
 
TED R. WILSON AND
CLEM C. MARTIN, D.C., Appellees


                                              

On Appeal from the 6th Judicial District Court
Fannin County, Texas
Trial Court No. 32484


                                                 



Before Cornelius, C.J., Grant and Ross, JJ.
Opinion by Justice Ross


O P I N I O N

          The Travelers Insurance Company appeals from a de novo jury trial verdict rendered
on behalf of Ted R. Wilson and his treating chiropractor, Clem C. Martin, D.C. The jury
found that the chiropractic care received by Wilson was reasonable and necessary, and it
awarded $120,621.27 as compensation for the unpaid chiropractic services.
          On appeal, Travelers contends that the trial court erred by failing to track the
language of the applicable workers' compensation statute in the charge of the court. It
further complains that the evidence is legally and factually insufficient to support the jury's
finding of $120,621.27 in unpaid chiropractic care and that this excessive finding requires
remittitur. Finally, Travelers claims that the trial court committed reversible error by
precluding Dr. John Milani from offering opinions on the reasonableness and necessity of
Martin's chiropractic care. We overrule all points of error and affirm the judgment of the trial
court.
          It is undisputed that Wilson was injured on March 30, 1989, while in the course and
scope of his employment at Southwest Pump. It is also undisputed that Southwest Pump
had a workers' compensation policy with Travelers which covered Wilson's incapacity. As
compensation for Wilson's injury, Travelers has paid in full the maximum amount of
indemnity benefits, and it has paid medical expenses in the amount of $52,109.57. 
However, Wilson complains that Travelers has refused to pay for the remainder of his
reasonable and necessary medical expenses. At trial, the jury agreed with Wilson's
contentions and awarded him $120,621.27 in unpaid chiropractic expenses.
          On appeal, Travelers first complains that the trial court committed reversible error
by failing to track the language of the applicable workers' compensation statute in the
charge of the court. The trial court submitted the following question:
Was chiropractic care reasonably required as a result of Ted Wilson's injury?
 
An employee has the sole right to select or choose the persons or
facilities to furnish medical aid, chiropractic services, hospital services and
nursing.
 
An employee is entitled to receive chiropractic care reasonably
required at the time of the injury and any time thereafter to cure or relieve the
effects that naturally result from the injury.
 
Any employee is entitled to receive physical rehabilitation for such a
period as the nature of the injury may require or as necessary to reasonably
restore the employee to his normal level of physical capacity or as necessary
to give reasonable relief from pain.

The jury affirmatively answered this question, finding that chiropractic care was reasonably
required as a result of Wilson's injury. Travelers contends that the submission of this
question constitutes reversible error because it cites an incorrect legal standard. 
Specifically, it claims that in the second paragraph the "cure or relieve" language is
incorrect because the applicable workers' compensation statute actually requires that
chiropractic services "cure and relieve" the effects that result from the injury. See Tex. Rev.
Civ. Stat. Ann. art. 8306, § 7,


 repealed by Act of Dec. 11, 1989, 71st Leg., 2nd C.S., ch.
1, § 16.01, 1989 Tex. Gen. Laws 114-15.
          A trial court has broad discretion in submitting jury instructions. See Plainsman
Trading Co. v. Crews, 898 S.W.2d 786, 791 (Tex. 1995). For an instruction to be proper,
it must assist the jury, accurately state the law, and find support in the pleadings and the
evidence. See Tex. R. Civ. P. 277. To determine whether an alleged error in the jury
charge is reversible, we consider the pleadings, the evidence presented at trial, and the
charge in its entirety. See Island Recreational Dev. Corp. v. Republic of Texas Sav. Ass'n,
710 S.W.2d 551, 555 (Tex. 1986). Error in the charge is reversible only if harmful, that is,
if it caused or was reasonably calculated to cause, and probably did cause, the rendition
of an improper judgment. See Tex. R. App. P. 44.1(a)(1). 
          The old workers' compensation statute does in fact use the phrase "cure and relieve"
rather than "cure or relieve," and it is true that ordinarily, when liability is asserted based
on a provision of a statute or regulation, a jury charge should track the language of the
statute whenever possible. See Spencer v. Eagle Star Ins. Co. of Am., 876 S.W.2d 154,
157 (Tex. 1994). However, to end our inquiry here, with a finding that the use of the
conjunction "or" rather than "and" constitutes reversible error, would defy common sense
and would defeat the purpose of the workers' compensation statute. The old workers'
compensation statute does not simply state that the treatment must "cure and relieve." The
statute, in pertinent part, reads as follows:
[T]he association shall furnish such . . . chiropractic services . . . as may
reasonably be required at the time of the injury and at any time thereafter to
cure and relieve from the effects naturally resulting from the injury. Such
treatment shall include treatments necessary to physical rehabilitation . . . for
such period as the nature of the injury may require or as necessary to
reasonably restore the employee to his normal level of physical capacity or
as necessary to give reasonable relief from pain . . . .

Tex. Rev. Civ. Stat. Ann. art. 8306, § 7. We must read a statute as a whole, not just
isolated portions, to determine the meaning of a statute and to facilitate the meaning that
was intended by its drafters. See Albertson's, Inc. v. Sinclair, 984 S.W.2d 958, 960 (Tex.
1999); Acker v. Texas Water Comm'n, 790 S.W.2d 299, 301 (Tex. 1990). When given its
plain meaning, the statute clearly states that one type of service that is reasonably required
are those treatments that are necessary to give reasonable relief from pain. Therefore, it
is clear that the workers' compensation laws never intended to provide relief only to those
employees whose injuries are curable. See Transport Ins. Co. v. Polk, 388 S.W.2d 474,
477-78 (Tex. Civ. App.‒Fort Worth 1965), aff'd, 400 S.W.2d 881 (Tex. 1966). Additionally,
there is a "general rule that the Workmen's Compensation Act should be liberally construed
so as to effectuate the beneficent purposes for which it was enacted." Travelers Ins. Co.
v. Adams, 407 S.W.2d 282, 287 (Tex. Civ. App.‒Texarkana 1966, writ ref'd n.r.e.). If we
held this submission to be reversible error, we would not be upholding this general rule. 
          In this case, there was no evidence by either side that Wilson's injury could be
cured. Rather, this was a case where Wilson was merely attempting to prove that Martin's
chiropractic services were reasonable and necessary to relieve his pain. Using "or" rather
than "and" in the submission of Question No. 1 did not misstate the law and did not cause
the rendition of an improper judgment. Therefore, we overrule the first point of error.
          Travelers' second issue on appeal is that the evidence is legally and factually
insufficient to support the amount of the award of reasonable and necessary medical
expenses. When reviewing for legal sufficiency, we consider only the evidence and
inferences that support the jury's finding. We must disregard all contrary evidence and
inferences, and if there is any probative evidence to support the finding, then we must
uphold the verdict. Continental Coffee Prods. Co. v. Cazarez, 937 S.W.2d 444, 450 (Tex.
1996); K Mart Corp. v. Rhyne, 932 S.W.2d 140, 142 (Tex. App.‒Texarkana 1996, no writ). 
If more than a scintilla of evidence is found to support the verdict, then we conduct a factual
sufficiency analysis, where we consider all of the evidence that was presented.
Browning-Ferris, Inc. v. Reyna, 865 S.W.2d 925, 928 (Tex. 1993). After the evidence is
properly weighed and examined, we must set aside the verdict only if it is so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust. Cain v. Bain, 709
S.W.2d 175, 176 (Tex. 1986); see Wilson v. Goodyear Tire & Rubber Co., 753 S.W.2d 442,
448 (Tex. App.‒Texarkana 1988, writ denied).
          Travelers contends that there is legally and factually insufficient evidence in the
record to support the jury's $120,621.27 award for reasonable and necessary chiropractic
services, because the highest amount of unpaid chiropractic services testified to was
$102,050.00. However, this is not a complete description of the testimony regarding the
unpaid medical services. Janet Martin, Martin's wife and office manager, was the only
person who testified to the exact figures for these unpaid services. The evidence shows
that the outstanding balance was $102,050.45 and that the allowed statutory interest was
$18,570.82. The court, without objection, took judicial notice of the statute that allows for
prejudgment interest to be awarded in workers' compensation cases. See Tex. Rev. Civ.
Stat. Ann. art. 8306, §7b(h),


 repealed by Act of Dec. 11, 1989, 71st Leg., 2nd C.S., ch. 1,
§ 16.01, 1989 Tex. Gen. Laws 114-15. The combination of these two figures equals the
exact amount awarded by the jury in response to Question No. 2. Therefore, we find that
the evidence is both legally and factually sufficient to support the jury's award.
          Alternatively, Travelers argues that the jury award is excessive. In this claim,
Travelers is not arguing that Wilson and Martin are not entitled to receive prejudgment
interest; rather, it is contending that the court, not the jury, should have awarded any
prejudgment interest. It is true that the jury was not specifically asked in the charge to
consider the interest owed in determining the award, and as a normal course of business
the court would make the prejudgment interest determination. However, in a case such as
this, the fact that the jury included the interest in its verdict is harmless error, if it is error at
all.


 
          A trial court has the right to modify, correct, or reform a judgment so that it comports
with the evidence presented at trial. Tex. R. Civ. P. 329b(d). Additionally, by Travelers'
own admission, a trial court also has the right to award prejudgment interest. Therefore,
the trial court was entitled to reduce the amount of the award to $102,050.45 to comport
with the evidence and then, as a matter of law, add the $18,570.82 as prejudgment
interest. We believe that this is precisely what the trial court was trying to accomplish when
it entered its corrected judgment, changing the wording of the $120,621.27 award from
"said amount constitutes $102,050.45 for the actual amount of unpaid chiropractic services
plus $18,570.82 in statutory interest, all as found by the jury" (emphasis added) to "as
found by the jury and the Court" (emphasis added). However, even if the court did not
accomplish this task in the proper manner, we find any error to be harmless because the
alleged error does not affect the result.
          Additionally, even if the lower court had not rendered the corrected judgment, any
alleged error would still be harmless. A reviewing court has the power to modify the
amount of recovery and reform a damages award. See Atlas Chem. Indus., Inc. v.
Anderson, 514 S.W.2d 309, 319 (Tex. Civ. App.‒Texarkana 1974), aff'd, 524 S.W.2d 681
(Tex. 1975). Therefore, even if the trial court had not broken down the award into an
amount for the actual recovery and an amount for prejudgment interest, this Court would
have been entitled to do so. This point of error is overruled.



          Finally, Travelers contends that the trial court committed reversible error by
precluding Dr. John Milani from offering opinions on the reasonableness and necessity of
the chiropractic care rendered by Martin. The determination of whether a witness is
qualified to testify as an expert is a matter of judicial discretion, and this decision will not
be disturbed unless a clear abuse of discretion is shown. See United Blood Servs. v.
Longoria, 938 S.W.2d 29, 30 (Tex. 1997). A trial court abuses its discretion when its
decision is made without reference to any guiding rules or principles. E.I. du Pont de
Nemours and Co. v. Robinson, 923 S.W.2d 549, 558 (Tex. 1995). This gatekeeper function
is a right that is given to the trial court, and a reviewing court may not substitute its
judgment for that of the trial court. See Walker v. Packer, 827 S.W.2d 833, 839 (Tex.
1992).
          Admissibility of the expert's opinion hinges on whether the expert has special
knowledge concerning the matter on which his opinion is sought that will assist the trier of
fact. See Tex. R. Evid. 702. The party offering an expert witness has the burden of
establishing his qualifications under Rule 702. Gammill v. Jack Williams Chevrolet, Inc.,
972 S.W.2d 713, 718 (Tex. 1998), citing Broders v. Heise, 924 S.W.2d 148, 151 (Tex.
1996).
          Therefore, not every medical doctor can qualify as an expert in every given case.
The offering party must show his medical expert has "knowledge, skill, experience, training,
or education" regarding the specific issue before the court which would qualify the expert
to give an opinion on that particular subject. Broders, 924 S.W.2d at 153. Dr. Milani is an
orthopedic surgeon who specializes in spinal cord injury and spinal pain. Milani was
allowed to testify about his treatment of Wilson and about Wilson's injury; however, the trial
court did not allow him to testify about whether Wilson's chiropractic care was reasonable
or necessary. 
          Milani admitted that he is not a chiropractor and that he has no training, education,
or experience in chiropractic skills or treatment. He testified that he has seen and treated
patients who have also been treated by a chiropractor; however, Travelers never elicited
testimony from Milani that he was familiar with the techniques used in the field of
chiropractic or how he determines when chiropractic care is reasonable and necessary for
a patient with chronic pain. "[A] conclusory statement, whether by a lay or expert witness,
is not evidence." In re Jones, 974 S.W.2d 766, 769 (Tex. App.‒San Antonio 1998, no pet.),
citing Casualty Underwriters v. Rhone, 134 Tex. 50, 132 S.W.2d 97, 99 (1939). 
          In K Mart Corp. v. Rhyne, this Court held that a chiropractor, who was qualified to
testify about the plaintiff's condition, was not qualified to testify about the cost of future
surgeries, since no foundation had been laid regarding his qualifications to opine about this
topic. 932 S.W.2d 140, 142, 146 (Tex. App.‒Texarkana 1996, no writ). Since Milani had
no training or expertise in the field of chiropractic, and Travelers did not show how Milani's
medical training and experience as an orthopedic surgeon qualified him to opine about the
reasonableness and necessity of chiropractic treatment, we cannot say that the lower court
abused its discretion by acting without reference to any guiding rules or principles. See id.
at 142, 146; see also Turner v. Peril, No. 05-97-00930-CV, 2000 WL 19532, at *2 (Tex.
App.‒Dallas Jan. 13, 2000, no pet. h.); Liberty Universal Ins. Co. v. Gill, 401 S.W.2d 339,
345-46 (Tex. Civ. App.-Houston 1966, writ ref'd n.r.e.). This point of error is overruled. 
 

          The judgment of the trial court is affirmed.


                                                                           Donald R. Ross
                                                                           Justice

Date Submitted:      June 29, 2000
Date Decided:         August 1, 2000

Publish



l
          Hargrave also contends his trial counsel provided ineffective assistance. Hargrave
points to defense counsel's questioning of him during the sentencing hearing, which he
contends did not elicit any extenuating or mitigating evidence to the findings and
conclusions contained in the PSI report. Hargrave also points to defense counsel's failure
to call Hargrave's family members, who were present at the punishment hearing, to testify
regarding the relationship Hargrave had with his terminally ill father and to offer evidence
in rebuttal to the State's motion to cumulate. 
          The standard of testing claims of ineffective assistance of counsel is set out in
Strickland v. Washington, 466 U.S. 668 (1984), and adopted for Texas constitutional
claims in Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). The adequacy
of counsel's performance during the punishment phase of trial is also reviewed under the
Strickland standard. See Hernandez v. State, 988 S.W.2d 770, 772–73 (Tex. Crim. App.
1999). To prevail on this claim, an appellant must prove by a preponderance of the
evidence (1) that counsel's representation fell below an objective standard of
reasonableness, and (2) that the deficient performance prejudiced his or her defense. 
Strickland, 466 U.S. at 686; Rosales v. State, 4 S.W.3d 228, 231 (Tex. Crim. App. 1999). 
To meet this burden, an appellant must prove that the attorney's representation fell below
the standard of prevailing professional norms and that there is a reasonable probability
that, but for the attorney's deficiency, the result of the trial would have been different. Tong
v. State, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). Under this standard, a claimant
must prove that counsel's representation so undermined the proper functioning of the
adversarial process that the trial cannot be relied on as having produced a just result. 
Strickland, 466 U.S. at 686.
          Under the Strickland test, an appellant bears the burden of proving ineffective
assistance by a preponderance of the evidence. Jackson v. State, 877 S.W.2d 768, 771
(Tex. Crim. App. 1994). Allegations of ineffectiveness of counsel must be firmly founded
in the record. Hawkins v. State, 660 S.W.2d 65, 75 (Tex. Crim. App. 1983). Judicial
scrutiny of counsel's performance must be highly deferential, and we must indulge a strong
presumption that counsel's conduct falls within the wide range of reasonable professional
assistance; in other words, the defendant must overcome the presumption of sound trial
strategy. Strickland, 466 U.S. at 689; see also Thompson v. State, 9 S.W.3d 808, 813
(Tex. Crim. App. 1999); Cochran v. State, 78 S.W.3d 20, 23 (Tex. App.—Tyler 2002, no
pet.). Further, a "professionally unreasonable" error by trial counsel does not require a
reversal if the error had no effect on the judgment. Strickland, 466 U.S. at 691. The
constitutional right to counsel, whether counsel is appointed or retained, does not mean
errorless counsel or counsel whose competency or adequacy is to be judged by hindsight. 
Mercado v. State, 615 S.W.2d 225 (Tex. Crim. App. [Panel Op.] 1981); Ex parte Prior, 540
S.W.2d 723, 726 (Tex. Crim. App. 1976); Duran v. State, 505 S.W.2d 863, 866 (Tex. Crim.
App. 1974). An appellant challenging trial counsel's performance faces a difficult burden
and a substantial risk of failure. See Thompson, 9 S.W.3d at 813. In the absence of a
record demonstrating the basis for trial counsel's action or inaction, a defendant will rarely
be able to rebut the presumption that counsel's action or inaction constituted reasonable
trial strategy. See id. at 814.
          At the punishment hearing, the trial court noted the presence of Hargrave's sister
and her husband in the courtroom and thanked them for being there. They were not called
by the defense to testify. Hargrave claims his family members would have testified
regarding his relationship to his ill father and provided rebuttal testimony to the State's
motion to cumulate. The record, however, does not support his claim. There is nothing
in the record to indicate what testimony Hargrave's family members would have given, or
whether their testimony would have benefited him. Therefore, we reject Hargrave's claim
of ineffective assistance of counsel based on the failure to secure their testimony. See
King v. State, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983) (counsel's failure to call witnesses
at guilt/innocence and punishment stages irrelevant absent showing such witnesses were
available and appellant would benefit from testimony); Hunnicutt v. State, 531 S.W.2d 618,
625 (Tex. Crim. App. 1976) (defendant may base ineffective assistance claim on attorney's
failure to present witnesses only if defendant can show witnesses available and testimony
would have benefited defendant). In addition, the record is silent as to the reasons why
defense counsel chose not to place them on the stand, and we cannot speculate as to why
counsel acted as he did. See Jackson, 877 S.W.2d at 771. An allegation of
ineffectiveness must be firmly founded in the record, and the record must affirmatively
demonstrate the alleged ineffectiveness. McFarland v. State, 928 S.W.2d 482, 500 (Tex.
Crim. App. 1996). When confronted with a silent record, we are neither required to
speculate on the reasons for counsel's actions, nor can we presume inaction on counsel's
part. 
          Hargrave also points to defense counsel's questioning of him at the punishment
hearing as ineffective assistance of counsel. At the punishment hearing, defense counsel
questioned Hargrave concerning the PSI report and whether it contained any false
allegations. Hargrave contended that some of the allegations were false, but that the
remaining portions of the report were true and correct. There is no evidence in the record
that any additional extenuating or mitigating circumstances existed which were not in the
report, or the reasons for defense counsel questioning Hargrave as he did. Because there
is nothing to explain whether counsel's actions were of strategic design or the result of
negligent conduct, we conclude the record is insufficient to support Hargrave's complaint
on appeal. See Thompson, 9 S.W.3d at 813 (any allegation of ineffectiveness must be
firmly founded in record, and record must affirmatively demonstrate alleged
ineffectiveness); Jackson, 877 S.W.2d at 771 (appellate court not required to speculate on
counsel's decision-making processes or to imagine reasons why counsel acted or failed
to act in particular manner). Even assuming these actions showed trial counsel's
performance was deficient, Hargrave cannot show that, but for these deficiencies, there
is a reasonable probability the result of the proceeding would have been different. We
overrule Hargrave's last point of error.
Conclusion
          We affirm the judgment of the trial court.


                                                                           Donald R. Ross
                                                                           Justice 

Date Submitted:      June 17, 2004
Date Decided:         July 13, 2004

Do Not Publish