## THEODORE MARBURG et al. *v.* MERCANTILE BUILDING COMPANY.

[No. 98, October Term, 1927.]

*Decided February 15th, 1928.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, and SLOAN, JJ.

*Chester F. Morrow* and *Raphael Walter,* with whom were *Niles, Barton, Morrow & Yost,* and *Sykes, Nyburg, Goldman & Walter,* on the brief, for the appellants.

*Randolph Barton,* with whom was *W. Edgar Byrd* on the brief, for the appellee.

SLOAN, J., delivered the opinion of the Court.

This is an appeal from a decree of the Circuit Court No. 2 of Baltimore City for the redemption of a lease of a lot and building in Baltimore.

The Mercantile Building Company, a corporation, appellee, is the assignee of a lease dated December 29th, 1908, from Ernest J. Knabe, Jr., and William Knabe, to the American Piano Company, for the term of twenty-one years beginning January 1st, 1909, at the annual rental of seven thousand five hundred dollars per year. By assignment, dated December 31st, 1918, the American Piano Company assigned the lease to James H. Williams, who, by assignment dated April 1st, 1922, assigned to the appellee.

By deed dated December 30th, 1908, Ernest J. Knabe, Jr., and William Knabe conveyed the leased premises to Theodore Marburg, one of the appellants, reciting in the deed that it was "the same land which by lease dated December 29th, 1908, and intended to be recorded immediately prior hereto was demised and leased by the said Ernest J. Knabe and wife and William Knabe and wife, unto the American Piano Company, a corporation of the State of New Jersey for the term of twenty-one years beginning January 1st, 1909."

By agreement dated December 29th, 1908, the date of the deed to Theodore Marburg, he agreed with the Knabes to pay to them one thousand dollars a year out of the rent reserved in the lease to the American Piano Company, the agreement providing "that in case it should be necessary hereafter to re-enter upon the said property that all right in and to the sum of one thousand dollars to be paid as aforesaid by the party of the first part to the parties of the second part shall cease." This agreement was not acknowledged or recorded.

On October 27th, 1916, the Knabes assigned a one-third interest in the agreement to C. T. Clarkson, liquidator of the Farmers Bank of Canada, who in turn, on the 16th day of January, 1920, assigned to James H. Williams by agreement duly recorded, and Williams, by "deed" dated June 23rd, 1922, assigned his third interest in the Knabe-Marburg agreement to William E. Tickner, who, on petition and order, was made a party defendant, he, however, not having appealed from the decree, declaring his interest foreclosed by the redemption of the lease.

It further appears from the evidence that, by agreement dated November 27th, 1923, Theodore Marburg and wife leased the property described in these proceedings to Samuel C. Applefeld for the term of ninety-nine years, beginning on the second day of January, 1929 (the day after the expiration of the appellee's lease), and by supplementary agreement, dated December 7th, 1923, Louis Applefeld was made a joint lessee with Samuel C. Applefeld.

On a bill filed by the appellee against Theodore Marburg and wife, the court below passed a decree declaring the appellee's lease redeemable under the Maryland statutes, the interest of William E. Tickner foreclosed by the redemption, the lease to the Applefelds cancelled by the redemption, and required Theodore Marburg and wife to execute a deed for the fee simple interest in the property described in the lease, and it is from this decree the appeal is prayed.

The appellants contend: (1) that the Act of 1900, ch. 207, and all prior acts for the redemption of land leases, do not apply to leases for the use and occupation of buildings, because, if so applied, the said acts would be unconstitutional and void; (2) that the Act of 1922, ch. 384, is validly retroactive and prevents the redemption of this lease; (3) that this lease has been so changed or modified since its execution that the appellee has not had a lease for a term of fifteen years.

To concede the first contention would mean the reversal of this court's decisions in *Brager v. Bigham,* 127 Md. 148; *Swan v. Kemp,* 97 Md. 686, and *Stewart v. Gorter,* 70 Md.

242, as the facts in the present record show this case to be clearly within the provisions of the Act of 1900, ch. 207 (section 95, article 21, of the Code), which was approved in the cases named. This we decline to do.

For the first time in these redemption cases the point is made that the statute providing for the redemption of leases for a longer period than fifteen years is in violation of the Fourteenth Amendment of the Federal Constitution.

The appellant's counsel has cited several cases in the Supreme Court of the United States wherein that court held that the statutes therein passed upon were restraints on the freedom of contract and forbidden by the Fourteenth Amendment, but we fail to find any of them dealing with a statute resembling ours, and none of them touching the subject of this case.

It has long been recognized as the right of the legislature to change or limit the character of estates and tenures, provided the legislation did not affect rights which had become vested. *Cooley's Constitutional Limitations* (8th ed.), 745 *et seq.; Stanley v. Colt,* 5 Wall (U. S.), 119, 18 L. Ed. 502. There is nothing novel in legislation limiting the duration of leases of land, which is an interference with the natural right of the individual to contract with his own as he will. New York, Michigan, Iowa, Minnesota and Wisconsin have limited the terms of leases of agricultural lands. Massachusetts, Alabama, California, North and South Carolina, and Nevada have placed limits on the periods of time for which any land and buildings may be leased. *Freund, Police Power,* sec. 371. The Maryland statute differs from those of other states limiting the duration of leases in one particular only. Our statute says leases can be made up to fifteen years, but when they extend beyond that time the lease may be ended by redemption at a capitalization of the rent at not to exceed six *per centum.* Those who lease their property for a longer period than fifteen years are on notice of the statute, and, if they assume the risk of redemption by the tenant, they can protect themselves by exacting a rent which shall not be less than six *per centum* of the fair value of the premises leased.

In Maryland there had been implanted in our system of land tenures the irredeemable ground rent, which had become of such general use as a form of investment, particularly in Baltimore, as to affect injuriously, in the public mind, real estate values, and to interfere seriously with the public convenience and the prosperity of our people. Of such a situation it was said by this court in *Stewart v. Gorter, supra*: "Sound public policy demanded that all leases hereafter made, if for more than fifteen years, might be ended at the option of the tenant or lessee upon paying the capitalization of his ground rent at six *per centum*. It was the system of these long leases, irredeemable until the end of the term, that the Legislature wished to break up, rather than for any special consideration for the lessees, that caused the act" (Act of 1884, ch. 485). *Swan v. Kemp, supra,* p. 689; *Brager v. Bigham, supra,* p. 157.

Lord Brougham, in *Keppel v. Bailey,* 2 Myl. & K. 517, said: "It must not be supposed that incidents of a novel kind can be devised and attached to property at the fancy or caprice of any owner. It is inconvenient to the public weal that such a latitude should be given. * * * Great detriment would arise and much confusion of rights if parties were allowed to invent new modes of holding and enjoying property, and impress upon their lands and tenements a peculiar character which should follow them into all hands, however remote." It is very well settled by the cases cited that the public policy of the State, as expressed by the acts of assembly, cannot be set aside by agreement of the parties interested.

We are not furnished, and our investigations have not disclosed, this exact case in the decisions of the United States Supreme Court, but the principle upon which our statute is based has been recognized in the case of *Wilson v. Iseminger,* 185 U. S. 55, 61, 46 L. Ed. 804, 807. See also *Freund on Police Power,* secs. 371 and 589.

The appellants attempt to distinguish between perpetual ground rents and building leases. They contend that ground rents apply only to land which the tenant improved; that they are only charges upon the land, and that it is to such leases

that the Act of 1884, ch. 485, as re-enacted by the Act of 1888, ch. 395, and by the Act of 1900, ch. 207, was intended to be applied. The preamble of the Act of 1884 reads: "An act to prohibit the creation in future of irredeemable ground rents, and to regulate the leasing of lands." We need go no farther than the decisions of this court, already cited, to say that the lease of a building includes also the land on which it is located. We are not called upon, however, to make such a construction in this case, as the lease here is of a lot at Fayette Street and Park Avenue in Baltimore, described by metes and bounds, calls and distances, "and the buildings and improvements thereon." The kind of estate created by the so-called ground rent system has been defined in this state as a lease, the reversion going to the heirs as real property and the estate sold or assigned out of it being personal property, and going to the personal representatives. *Taylor v. Taylor,* 47 Md. 295, and *Myers v. Silljacks,* 58 Md. 319, 330.

The second contention is that the Act of 1922, ch. 384 (section 99, article 21, Code), which declares that the Act of 1884 and the amendments thereto were not intended to apply to leases of property for business purposes, and permits such leases to be made for terms not to exceed ninety-nine years, was validly intended to be retroactive. This amends the Act of 1914, ch. 371, which provided for business leases not to exceed twenty-five years. These acts, while they provide for longer leases for business than for residential purposes, undertake to interpret the Act of 1884 and the amendments thereto and say, in effect, that they never were intended to apply to leases of property for business purposes. The interpretation of statutes is the province of the courts, on which legislative interpretations of prior acts is not binding. *Gough v. Pratt,* 9 Md. 526, 532; *Southgate v. Annan,* 31 Md. 113, 118.

This statute, it has been decided by this court, cannot be construed to affect leases made prior to 1914 or 1922, as the case may be, as this would be in violation of the Fourteenth Amendment of the Federal Constitution. The Legislature cannot enact a law to shorten terms of leases, or to determine

rights which have already vested. *Swan v. Kemp,* 97 Md. 686, 692; *Brager v. Bigham,* 127 Md. 148, 159; *Appeal Tax Court v. West. Md. R. Co.,* 50 Md. 274, 295; *Cooley on Constitutional Limitations, supra.*

The appellant also contends that the lease has been so changed or modified since its execution that the tenant seeking redemption has not had a lease for a term of fifteen years, and relies upon the fact that Williams, one of the assignees, acquired, during his ownership of the lease, a one-third interest in the one thousand dollar agreement of the Knabes with Theodore Marburg. There is nothing in the record to indicate what consideration moved from the Knabes to Mr. Marburg for this refund, but it bears the same date as the deed, and must have been a part of the consideration for the conveyance of the land. It shows on its face that the Knabes had no interest in the leased premises because of the agreement. The agreement provides that "in case it should be necessary hereafter to enter upon said property, all right in and to the sum of one thousand dollars * * * should cease," so that it evidently contemplated the termination of the lease as the end of Marburg's obligation to the Knabes, and, of course, their assignees. The appellants cited *Wahl v. Barroll.* 8 Gill, 293, as authority for their contention that the lease and a one-third interest in the supplemental agreement had been merged, and had thus reduced the amount of rent to be paid by Williams to Marburg and thereby made a new agreement of lease. This statement ignores the fact that Williams paid Clarkson, liquidator, fourteen hundred dollars for the one-third interest in the thousand dollar agreement, which in terms was to end with the lease. The authority cited can have no application, as the assignee there became the assignee of the reversion of the sub-leased lot.

The record shows that Mr. Marburg is not an innocent victim of the law. His deed shows on its face that he purchased the property with full knowledge of the twenty-one year lease, and that what he did was largely with reference to it. There was introduced in this case the testimony in the case of the *American Piano Company v. Knabe,* 131 Md.

111, wherein the late Judge Niles, then counsel for Mr. Marburg, admitted that the American Piano Company, the original lessee, had the "right to redeem it at six per cent." The appellee took an assignment of the lease for which it paid $20,000, and has expended in improvements more than $30,000, all in contemplation of the redemption of the property, and in reliance upon the Act of 1900, and the decisions of this court which we have cited, sustaining the act, and to which we adhere. This conclusion means that, with the redemption, the payments of $1,000 per year under the Knabe-Marburg agreement will cease, and the lease to the Applefelds be void.

*Decree affirmed, with costs.*