## DIRECTOR OF FINANCE FOR BALTIMORE COUNTY *v.* MYERS

[No. 337, September Term, 1962.]

214

*Decided July 1, 1963.*

The cause was argued before BRUNE, C. J., and HENDERSON, PRESCOTT, MARBURY and SYBERT, JJ.

*Walter R. Haile*, with whom were *E. Scott Moore* and *Harry S. Shapiro* on the brief, for the appellant.

*Marvin Ellin* for the appellee.

MARBURY, J., delivered the opinion of the Court.

In this mandamus case the appeal is from an order of court directing the appellant, Norman W. Wood, Director of Finance for Baltimore County, to pay Jerome F. Myers, appellee, a former county firefighter, holiday pay retroactively for six holidays worked by him from July 4, 1959, to and including November 26, 1959.

Appellee was a Baltimore County Fireman from September 1954 until October 1960, at which time he was discharged because of physical disability due to a heart condition.

When Baltimore County adopted the charter form of government in 1956, the charter contained, in Article VIII, a provision for the passage of a County Personnel Act, which would set up a merit system of employment for county workers. Article VIII provided for a breakdown of classified and exempt workers, and specified those types of jobs that were to be exempt from the merit system. The only Fire Bureau employee listed as exempt was the head of the bureau. The County Council subsequently adopted this Personnel Act in 1958 as Section 353 of the Baltimore County Code. As amended at the time this action was instituted, Section 353, Rule 25—Holidays, provided for double pay for any classified employee if he had to work on enumerated holidays; *i.e.* New Year's Day, Lincoln's Birthday, Washington's Birthday, Good Friday, Maryland Day, Memorial Day, July 4, Labor Day, Defenders' Day, Columbus Day, Veterans' Day, Thanksgiving Day, and Christmas.

Also in 1958, the council adopted Section 354 of the County Code, to apply only to policemen and firemen. Special Regulation 1.01 of Section 354 stated that any provisions not covered by the Special Rules and Regulations in Section 354 would be governed by Section 353, *supra*. Special Regulation 6.02 of Section 354 provided that all orders, regulations and directives of the Police and Fire Bureaus in existence at the time of the adoption of Section 354, or prescribed in the future, should have full force and effect. Section 354 did not make mention of any compensatory scheme for worked holidays, as such, but Special Regulation 1.01 did state that those special rules and regulations would apply to Police and Fire Bureau employees "* * * relating to employment, promotion, suspension and dismissal * * *." We think that the comprehensive term "employment" included the very important phase of employment which pertains to compensation. Since employment was to be governed by Fire Department regulations, we think it was not intended to be separated from other matters of employment and made subject to Section 353 by virtue of the catch-all provision of Regulation 1.01 of Section 354.

On December 1, 1958, the Chief of the Fire Bureau issued a directive relating to vacations. This directive, although not as clear as it could be, provided specifically for an annual vacation of two weeks for firemen. In addition to the two weeks, the directive provided that a fireman might earn ten additional days of vacation, making twenty-four days total vacation, which was computed on the basis of two days earned for each month worked, but did not set forth the reason for the extra ten days.

By Article VIII of the Charter, § 802, it was provided that the County Personnel Law shall provide for the following:

"* * *

"(d) Authority in the Personnel and Salary Advisory Board to set up and revise a job classification plan, a compensation plan, and to establish rules and regulations for examinations, certifications and other necessary details of personnel administration.

"(e) A provision that, upon the adoption of such

plans, rules and regulations, the Director of Personnel shall transmit them to the County Executive for submission to the County Council for legislative action thereon. No such plan, rules or regulations shall have the force and effect of law unless and until the same be included in a public local law to be adopted by the County Council in the manner provided in Article III of this Charter.

"* * *

"(1) Special rules and regulations, to be first approved by the Director of Public Safety, and relating to the employment, promotion, suspension and dismissal of employees of the Fire Bureau and the Police Bureau."

The County Council, in 1961, passed an amendment to the Personnel Act which, among other things, contained Special Regulation 12.02, providing for a regular rate of pay to Fire and Police Bureau personnel for holidays worked by these employees. In its preamble, the amendatory Act undertook to state the legislative intent in enacting Section 354 in 1958 so as to exclude employees of the Police and Fire Bureaus from Rule 25 of Section 353.

On January 17, 1961, appellee filed his petition for a writ of mandamus to compel the appellant to pay him double pay for holidays worked by him in 1959, specifically Independence Day, Labor Day, Columbus Day, Election Day, Veterans' Day, and Thanksgiving. Appellant demurred to the petition on the grounds, *inter alia*, that Regulations 25.01 and 25.02 of Rule 25 do not apply to members of the Fire Bureau. On April 28, 1961, Judge Berry filed an opinion overruling the demurrer with leave to answer. On May 22, 1961, appellant filed an answer and the case came on for trial before Judge Turnbull on August 6, 1962, when the case was heard on its merits and testimony was taken. After the filing of memoranda by both parties on December 10, 1962, Judge Turnbull, following the holding of Judge Berry in his ruling on the demurrer and finding that the allegations of the petition had been proven, issued the order appealed from compelling the appellant to make

double payments to the appellee for the holidays listed in the petition, which substituted Defenders' Day for Election Day.

Although the amount involved, so far as the appellee is concerned, is quite insignificant, he described himself in his petition for the writ of mandamus as a member of the Baltimore County Firefighters Association, so that counsel on both sides conceded that this was a test case, with far reaching effect upon potential claims of members of the organized associations of firemen and policemen in Baltimore County.

Appellant before us makes three contentions, which were also raised in his demurrer, but in the view we take of the case we need only consider the question of the proper construction of Rule 25, relating to holiday pay of general county employees, as applying to members of the Fire Bureau. Of course, the same question raised on demurrer may be considered on this appeal. Maryland Rule 345 d.

Special Regulation 1.01, *supra*, states that Special Rules and Regulations apply to employment of "employees of the Police and Fire Bureaus." "Employment" has been said to mean "hiring" and hiring inescapably carries with it the concept of compensation. *City of Lafayette v. Keen* (Ind.), 48 N. E. 2d 63, 69. This definition has also been recognized in Maryland. See *Ledvinka v. Home Ins. Co.*, 139 Md. 434, 437, 115 Atl. 596. It would appear from this construction, taken in conjunction with Special Regulation 6.02, that the Special Personnel Rules and Regulations, and any directives promulgated would control as to holiday pay for firemen. The appellee insists that the amendment of the law in 1961 indicates that it was otherwise prior to the amendment. In our view, the amendment is inconclusive and, in any event, it is not controlling as to the meaning of the prior law. *A.G. Crunkelton v. Barkdoll*, 227 Md. 364, 369, 177 A. 2d 252, and cases cited at pages 369-370 of 227 Md.

The appellee, in his brief and in argument before us, denied that the extra ten days of vacation were given as compensatory time with pay for holidays worked. On the contrary, he argued that there was an implication that these ten days were to compensate for the long hours worked per week by firemen, but this was never by the record before us shown to be the

true state of affairs. Moreover, the record discloses that there was no *special* regulation giving double pay for holidays worked.

Firemen and police officers are in a special category of employees. Due to the nature of their duties, they must be present for duty on what would be normal holidays for other county employees. It would be hard to believe that the County Council did not recognize the added inconvenience to appellee in having to work when others were free to enjoy holidays. Therefore, the extra ten days awarded annually above the normal two weeks of vacation must have been intended to be compensatory time for holidays worked. There is no question but that appellee was paid for normal working days, as well as for his two weeks of vacation, and holidays when he was ordered to work.

Since special regulations were issued covering firemen in the county, it follows that they were to be considered separately from other county employees. In regard to the directive issued in December 1958, it would appear that the Fire Bureau had acted on the question of holidays and vacations. To say that the regulations applying to other county employees, namely those found in Rule 25, would also apply to firemen would be a doubtful implication. This Court has recognized the rule that extra compensation to a municipal employee can not be based, among other things, on a doubtful implication. *Gaver v. Frederick County,* 175 Md. 639, 646, 3 A. 2d 463. See also 4 McQuillen, *Municipal Corporations,* § 12.193.

In the light of the provisions of Section 802 (d), (e) and (1) we find nothing in the Charter which would prohibit the adoption of Section 354 of the Baltimore County Code and Regulation 6.02 included therein.

We conclude that the action of the court below in overruling the appellant's demurrer to the petition was in error and that it should have been sustained and the petition dismissed.

*Order reversed and petition dismissed. Costs to be paid by appellee.*