## MARYLAND AUTOMOBILE INSURANCE FUND
### *v.* STITH

[No. 144, September Term, 1975.]

*Decided May 4, 1976.*

The cause was argued before MURPHY, C. J., and SINGLEY, SMITH, DIGGES and LEVINE, JJ.

*C. Russell Fields*, with whom were *Robert L. Simmons* and *John J. Corbley* on the brief, for appellant.

*Paul R. Rochlin*, with whom were *David B. Purdum* and *Rochlin & Settleman, P.A.* on the brief, for appellee.

MURPHY, C. J., delivered the opinion of the Court.

On December 19, 1972, Claude Stith, a Baltimore City police officer, was involved in an accident while driving a departmental vehicle on official business; an unidentified motor vehicle suddenly entered his lane of traffic, causing him to swerve and strike another vehicle.

Although eligible for workmen's compensation benefits, Stith elected to forego filing a claim against the Department; instead, he sought recovery against the Maryland Automobile Insurance Fund (MAIF) which, on July 16, 1974, offered to settle the case for "2,100.00 gross and minus available Workmen's Compensation Deduction, leaving a net figure of $1,696.00 net." Stith declined the offer, sued MAIF, and recovered a judgment against it for $36,000.00. Stith thereafter filed a petition for payment of the judgment in the amount of $14,596.00, representing the $15,000.00 maximum recovery then allowable under Maryland Code (1970 Repl. Vol.) Article 66½, § 7-615 (a) [1] less a $404.00 workmen's compensation deduction. In his petition for payment, Stith asserted that he was not entitled "to recover benefits under any Workmen's Compensation law for the injuries for which damages were awarded as part of such judgment, saving and excepting the amount agreed upon with ... [MAIF] of ... $404.00." MAIF sought dismissal of the petition; it urged that since Stith was eligible for workmen's compensation benefits, the amount which he would have received had he filed such a claim was required to be deducted from the judgment recovered against MAIF by reason of the provisions of § 7-615 (b) (6), viz.:

> "(b) *Deductions.* — There shall be deducted from the applicable maximum amount set forth in subsection (a) of this section or from the amount of the judgment, whichever is smaller, the total of the following:"

\* \* \*

1. Now Code, Article 48A, § 243-I (1972 Repl. Vol., 1975 Supp.).

"(6) All amounts that the applicant has received, or, in the opinion of the court, is likely to receive, by reason of the accident out of which applicant's claim arises, under or because of any workmen's compensation law. Medical, hospital, funeral, or other benefits paid or payable on behalf of the applicant under the law shall be deemed, for the purposes of this subtitle, to be received or receivable by the applicant."

The court (Murphy, James W., J.) granted Stith's petition for payment. It concluded that since Stith was barred by limitations from recovering workmen's compensation benefits, he was not "likely to receive" any such benefits in the sense contemplated by § 7-615 (b) (6); that the subsection "was intended to bar a claimant from a double recovery arising out of an accident"; and that "[t]o engage in a speculative determination as to what he might have received by way of Workmen's Compensation benefits so as to deduct that amount from the maximum payable by the Fund would not only eliminate the remote possibility of double recovery, but may effectively prevent any recovery at all." MAIF appealed and we granted certiorari prior to argument in the Court of Special Appeals.

MAIF argues on appeal that under the clear language of § 7-615 (b) (6) "vested workmen's compensation benefits are not necessary in order for a deduction to be allowed ... [because] the legislature intended to allow a deduction for Workmen's Compensation benefits whether vested or not and in turn protect the Fund from claims that should have been paid by Workmen's Compensation benefits."

We have repeatedly stated that where there is no ambiguity or obscurity in the language of a statute, there is usually no need to look elsewhere to ascertain the intent of the legislature. *Md.-Nat'l Cap. P. & P. v. Rockville*, 272 Md. 550, 325 A. 2d 748 (1974). As we said in *Purifoy v. Merc.-Safe Dep. & Trust*, 273 Md. 58, 66, 327 A. 2d 483 (1974), "where statutory language is plain and free from ambiguity and expresses a definite and sensible meaning, courts are not at

liberty to disregard the natural import of words with a view toward making the statute express an intention which is different from its plain meaning." Considering the provisions of § 7-615 (b) (6) in light of these principles, we conclude that the entire subsection, including the phrase ". . . has received, or, in the opinion of the court, is likely to receive . . ." and the words "paid or payable" is clear, unambiguous, and expresses a definite and sensible meaning and that it is therefore unnecessary to look elsewhere to ascertain the legislature's intent. The legislature plainly intended to permit a deduction for workmen's compensation benefits in two instances. First, when the claimant has already received such benefits at the time he petitions for payment of the judgment, the deduction is to be made. Second, the deduction may be made when, in the court's opinion, the claimant "is likely to receive" workmen's compensation benefits in the future. We concur fully with Judge Murphy that Stith is not likely to receive any such benefits since the claim is now barred by limitations. Stith petitioned the court for payment on April 9, 1975, which was approximately two years and three months after the accident occurred. Article 101, § 39 (a) of the Code (1964 Repl. Vol.) states "that failure of an employee to file a claim for [workmen's] compensation within two years from the date of the accident shall constitute a complete bar to any claim under this article." In view of the clarity of the legislature's intent and its obvious purpose to prevent a double recovery (see *Gray v. State Roads Comm'n*, 253 Md. 421, 252 A. 2d 810 (1969)), we think Judge Murphy correctly concluded that Stith was entitled to the amount claimed in his petition for payment.

*Judgment affirmed; costs to be paid by appellant.*