PHILIP GORDON CONNOLLEY *v.* HERBERT M. COLLIER, Personal Representative of the Estate of Beulah R. Anthony et al.

[No. 1111, September Term, 1977.]

*Decided May 15, 1978.*

The cause was argued before THOMPSON, LISS and WILNER, JJ.

*Susanne H. Schmoldt,* with whom were *David M. Williams* and *White & Williams* on the brief, for appellant.

*Ernest M. Thompson* for appellees.

LISS, J., delivered the opinion of the Court.

Philip Gordon Connolley, appellant, as plaintiff below, filed a negligence action in the Circuit Court for Kent County

against Herbert M. Collier, personal representative of the estate of Beulah Anthony, deceased, and Dudley Crossley, defendants. The trial judge granted appellees' motions for summary judgment grounded on the contention that the appellant's claim was barred by limitations; appellant appeals from that judgment.

Two questions are presented for decision by this appeal:

1) Whether the Circuit Court for Kent County erred in holding that in cases where insurance exists, Maryland Code (1974) Estates and Trusts Article, Subsection 8-104 (e) — in effect at the time the action arose — required an action against an estate to be instituted within a six month period; and

2) Whether the running of the period of limitations contained in Section 8-103 of the Estates and Trusts Article will bar a suit based upon the doctrine of *respondeat superior* against the alleged master of a deceased servant.

On November 18, 1974, an automobile owned by Dudley Crossley and operated by Beulah Anthony, with the owner's permission, crossed the center line of Maryland Route 291 and struck an on-coming vehicle operated by the appellant. As a result of the collision, Mrs. Anthony was killed and the appellant sustained serious injuries. At the time of the accident, the vehicle driven by Mrs. Anthony was covered by liability insurance.

Letters of administration were granted on the estate of Mrs. Anthony on December 9, 1974, and notice to creditors was first published on December 11, 1974. On June 16, 1977, the appellant sued the personal representative of Mrs. Anthony's estate and joined Crossley as a co-defendant under the legal theory of *respondeat superior.* All defendants filed special pleas of limitations and moved for summary judgment based on the contentions 1) that the appellant had failed to bring his suit against the estate within the period of time prescribed by Code (1974) Estates and Trust Article, §§ 8-103

and 8-104 and 2) that the bar of limitations also prevented a suit against the alleged master of the deceased servant.

In granting the motion for summary judgment by each of the defendants, the trial judge found:

"[T]hat this suit was not brought within six months after the first appointment of the personal representative as required by § 8-103 and § 8-104 and, therefore, the Motion for Summary Judgment must be granted.

"Since the decedent was the operator of the motor vehicle which allegedly caused the injuries to the Plaintiff, and the responsibility of Dudley Crossley is based upon the doctrine of *respondeat superior,* the Defendant, Dudley Crossley, is not liable to the Plaintiff because the estate of Beulah R. Anthony is not liable. Therefore, the Motion for Summary Judgment on behalf of Dudley Crossley must be granted."

Subsection 8-103 (a) of the 1974 Code, in effect at the time the action arose, provided as follows:

"(a) *General.* — Except as otherwise expressly provided by statute with respect to claims of the United States and the state, all claims against an estate of a decedent, whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract, tort, or other legal basis, are forever barred against the estate, the personal representative, and the heirs and legatees, unless presented within six months after the first appointment of a personal representative."

Subsections 8-104 (d) and (e) stated in pertinent part:

"(d) *Commencement of suit.* — When a cause survives death, the claimant is not required to file a claim under subsections (b) or (c). He may commence an action against the estate or against a person to whom property has been distributed, but

the commencement of the action must occur within the time limited for the filing of claims.

"(e) *Where insurance exists.* — Notwithstanding the other provisions of this section, an action against the estate may be instituted after the expiration of the time designated in this section but *within the period of limitations generally applicable to actions against the estate* in the event the decedent was covered by an existing liability insurance policy at the time of the occurrence." (Emphasis supplied).

1.

Appellant contends that subsection 8-104 (e) of Code (1974) Estates and Trusts Article permitted the filing of this negligence action within the three year period generally applicable to such actions [1] due to the fact that Mrs. Anthony was covered by an existing liability insurance policy at the time the accident occurred. The trial court rejected this argument, concluding that the language of former subsection 8-104 (e), which stated that claims against the estate of an insured decedent must be filed "within the period of limitations generally applicable to actions against the estate," clearly and unambiguously referred to the six month period stated in subsection 8-103 (a), to the exclusion of any longer time period, thus obviating the need for the court to construe the meaning of the statute.

The Court of Appeals has stated on many occasions that in the absence of ambiguity, a court should confine itself to construction of the statute as written and not attempt to remedy possible defects. *Scoville Serv., Inc. v. Comptroller,* 269 Md. 390; *Md. Nat'l. Bk. v. Comptroller,* 264 Md. 536; *Amalgamated Ins. Co. v. Helms,* 239 Md. 529. We, however, cannot agree with the trial court's conclusion that the relevant portion of the controlling statute was so clear and unambiguous as not to require the court to determine the intent of the legislature in enacting the statute.

---

1. Code (1974, 1977 Cum. Supp.) Courts and Judicial Proceedings Article, § 5-101.

Subsection 8-104 (e) of the 1974 Code was prefaced with the statement, "Notwithstanding the other provisions of the section . . .", indicating an exception to the other provisions regarding limitations in § 8-104. *Cf. Dixon v. Checchia,* 249 Md. 20; *Cromwell v. Ripley,* 11 Md. App. 173. Subsection 8-104 (e) then referred to two time periods in which suit could be brought: First, "an action against the estate may be instituted after the expiration of the time designated in this section" — which refers to subsection 8-104 (d), which in turn refers to the six month period stated in subsection 8-103 (a). Second, where insurance exists, the action must be brought "within the period of limitations generally applicable to actions against the estate." This language the trial court concluded was also a clear reference to the six month period designated in subsection 8-103 (a). Were we to accept this conclusion, subsection 8-104 (e) would in pertinent part read as follows:

> "Notwithstanding the other provisions of this section, an action against the estate may be instituted after the expiration of the time designated in this section [, or the subsection 8-103 (a) six month period to which subsection 8-104 (d) refers,] but within the period of limitations generally applicable to actions against the estate [, or the subsection 8-103 (a) six month period,] in the event the decedent was covered by an existing liability insurance policy at the time of the occurrence."

We consider it absurd to believe that the legislature intended to include a separate subsection to § 8-104 distinguishing the claim against the estate of an insured decedent from all other types of claims — and in the same paragraph provide for a limitations period identical to that applicable to all other claims. In *Coerper v. Comptroller,* 265 Md. 3, the Court stated:

> "The cases hold that we should shun a construction of a statute which will lead to absurd consequences. *Pan Am. Sulphur v. State Dep't.,* 251 Md. 620, 627, 248 A. 2d 354 (1968), and cases there cited. It is a hornbook rule of statutory

> construction that in ascertaining the intention of the General Assembly all parts of a statute are to be read together to find the intention as to any one part, and that all parts are to be reconciled and harmonized if possible. *Thomas v. Police Commissioner*, 211 Md. 357, 361, 127 A. 2d 625 (1956)."

We conclude that subsection 8-104 (e) of the 1974 Estates and Trusts Article, which is controlling in this case, is sufficiently unclear and ambiguous to require that we apply the principles of statutory construction.

Prior to July 1, 1974, the provisions regarding the time for filing suit against the estate of a decedent covered by liability insurance at the time of the accident were contained in Code (1957, 1969 Repl. Vol.) Art. 93, § 8-104. By Chapter 11, § 1 of the Laws of 1974, Article 93 was repealed in its entirety; and by § 2 of that Chapter, the Estates and Trusts Article was enacted to take effect as of July 1, 1974.[2] Subsection 8-104 (e) of the newly enacted Article contained substantially the same limitations provisions regarding the time for filing suit against the estate of an insured decedent. However, where Article 93, subsection 8-104 (c) stated that such actions could be instituted "within the period of limitations generally applicable to *such actions* . . .", subsection 8-104 (e) of the 1974 Estates and Trusts Article permitted such actions to be filed "within the period of limitations generally applicable to *actions against the estate* . . . ." (Emphasis supplied).

The Legislature, apparently recognizing the inconsistency in subsection 8-104 (e) of the 1974 Code, enacted Chapter 464 of the Laws of 1977 (H.B. 676) as an amendment to the subsection, for the stated purpose "of correcting certain errors in the revision of the law relating to . . . presentation of claims against the estate." This corrective legislation, effective July 1, 1977, represented a return to the language of repealed Article 93 by providing that actions against an insured decedent's estate could be brought "within the period

---

2. The Revisor's Note to § 8-104 states, "This section formerly appeared as Article 93, § 8-104. Two additional subsections are drawn. The only other changes are in style and language."

of limitations generally applicable to *such actions ....*" (Emphasis supplied). *See*: Code (1974, 1977 Cum. Supp.) Estates and Trusts Article, § 8-104 (e).

Judge Smith, speaking for the Court of Appeals in *Thomas v. State,* 277 Md. 314, 317, stated:

> "We have said many times that a hornbook rule of statutory construction is that in ascertaining the intention of the Legislature all parts of a statute are to be read together to find the intention as to any one part and that all parts are to be reconciled and harmonized if possible and that a corollary to that rule is that if there is no clear indication to the contrary and it is reasonably possible, a statute is to be read so that no word, clause, sentence or phrase shall be rendered surplusage, superfluous, meaningless, or nugatory."

*See: Kadan v. Bd. Sup. of Elections,* 273 Md. 406; *A.H. Smith Sand & Gravel v. Dep't.,* 270 Md. 652; *Thomas v. Police Comm'r.,* 211 Md. 357.

This Court stated in *Becker v. Crown Central Corp.,* 26 Md. App. 596, 608 that "statutes are to be construed reasonably with reference to the purpose sought to be accomplished and in accordance with declared legislative policy." *State v. Wagner,* 15 Md. App. 413, and cases there cited.

That the 1977 amendment to subsection 8-104 (e) was described as "corrective" legislation and embodied the clearer language previously used in Article 93 indicates that the legislature intended at the time of the recodification to allow the longer limitations period in the case of claims against the estate of a decedent who was covered by liability insurance at the time of the accident. 2A, Sutherland, *Statutes and Statutory Construction,* § 49.11 (Sands ed. 1973) states:

> "Where a former statute is amended, or a doubtful meaning of a former statute rendered certain by subsequent legislation a number of courts have held that such amendment or subsequent legislation is strong evidence of what the legislature intended by the first statute. But a subsequent legislative

construction of a statute is not conclusive of the meaning of the former statute .... It has been judicially declared that 'If it can be gathered from a subsequent statute in pari materia what meaning the legislature attached to the words of a former statute, they will amount to a legislative declaration of its meaning, and will govern the construction of the first statute.'

. . .

"Whether or not a subsequent statute sheds light upon the meaning of a former statute depends upon a number of circumstances. Where the original law was subject to very serious doubt, by permitting subsequent amendments to control the former meaning a great deal of uncertainty in the law is removed. And the legislature is probably in the best position to ascertain the most desirable construction. In addition it is just as probable that the legislature intended to clear up uncertainties, as it did to change existing law where the former law is changed in only minor details. Thus it has been asserted that 'one well recognized indication of legislative intent to clarify, rather than change, existing law is doubt or ambiguity surrounding a statute.' " (Footnotes omitted).

Additionally, as we have noted, the Revisor's Note to Estates and Trusts § 8-104 stated that the only changes from Art. 93, § 8-104 were in "style and language." The Court of Appeals in *Welch v. Humphrey*, 200 Md. 410, 417, stated:

"It is true that a codification of previously enacted legislation, eliminating repealed laws and systematically arranging the laws by subject matter, becomes an official Code when adopted by the Legislature, and, since it constitutes the latest expression of the legislative will, it controls over all previous expressions on the subject, if the Legislature so provides. However, the principal function of a Code is to reorganize the statutes and

state them in simpler form. Consequently any changes made in them by a Code are presumed to be for the purpose of clarity rather then change of meaning. Therefore, even a change in the phraseology of a statute by a codification thereof will not ordinarily modify the law, unless the change is so radical and material that the intention of the Legislature to modify the law appears unmistakably from the language of the Code."

*Bureau of Mines v. George's Creek Coal and Land Co.,* 272 Md. 143; *Welsh v. Kuntz,* 196 Md. 86; *Matter of Anderson,* 20 Md. App. 31.

We conclude that the legislative intent in recodifying subsection 8-104 (e) of the 1974 Estates and Trusts Article, as disclosed by the 1977 corrective legislation, was not to change the extended limitations period contained in repealed Article 93 in the case of claims against the estate of an insured decedent. For the reasons given, we shall strike out the summary judgment granted the estate of Beulah R. Anthony. This will, of course, reinstate the case for trial.

### 2.

In view of our conclusion, the summary judgment in favor of Dudley Crossley is also stricken and it is not necessary that we reach the second issue raised by this appeal.

> *Judgments in favor of appellees, Estate of Beulah R. Anthony and Dudley Crossley, reversed: case remanded to trial court.*
> *Costs to be paid by appellees.*