HERBERT M. COLLIER, Pers. Rep. of the Estate of
Beulah R. Anthony et al. *v.* PHILIP GORDON
CONNOLLEY

[No. 53, September Term, 1978.]

*Decided May 7, 1979.*

The cause was argued before MURPHY, C. J., and SMITH, DIGGES, ELDRIDGE and COLE, JJ.

*Michael A. Pretl* and *Jeffrey B. Smith,* with whom were *Smith, Somerville & Case* and *Ernest M. Thompson* and *Miller, Wheeler, Thompson & Thompson* on the brief, for appellants.

*Susanne Hayman Schmoldt,* with whom was *David M. Williams* on the brief, for appellee.

ELDRIDGE, J., delivered the opinion of the Court.

We granted certiorari in this case to resolve a dispute over the interpretation of Maryland Code (1974), § 8-104 (e) of the Estates & Trusts Article. That section prescribes the statute of limitations for actions against an estate where the decedent was covered by insurance.

While driving an automobile in Kent County, Maryland, on November 18, 1974, Philip G. Connolley sustained serious injuries as the result of an accident. The driver and lone occupant of the other vehicle, Beulah R. Anthony, was killed in the collision. The automobile driven by Mrs. Anthony, at the time of the accident, was covered by a liability insurance policy. The following month, on December 9 and 11 respectively, the estate's personal representative was appointed and notice to creditors was published.

Approximately two and one-half years after the opening of the estate, Mr. Connolley filed an action in the Circuit Court for Kent County against Herbert M. Collier, personal representative of the estate of Mrs. Anthony, and Dudley Crossley, the owner of the automobile in which the decedent

was driving. In it he alleged that he sustained personal injuries and property damage as a result of the decedent negligently driving over the center line of Maryland Route 291 and head-on into the plaintiff's vehicle. With regard to Mr. Crossley, it was asserted that the decedent was operating the car as Mr. Crossley's servant and that, therefore, he was liable under the doctrine of respondeat superior.

In response to these allegations, the defendants each interposed a special plea of limitations. They asserted that since suit was not brought within six months after appointment of the personal representative, as they contend is required by §§ 8-103 and 8-104 (e) of the Estates & Trusts Article, the action was barred by limitations. Subsequently the defendants moved for summary judgment. In opposition, the plaintiff contended that § 8-104 provides for a three-year statute of limitations in actions against an estate which is covered by insurance. Rejecting the plaintiff's contention, the circuit court held that the clear language of § 8-104 (e) directs that even where insurance coverage applies, the limitations period ends six months after the appointment of the personal representative, as long as notice to creditors is timely published. Accordingly, the court granted the estate's motion for summary judgment. The court also decided that no liability could attach to Mr. Crossley under the doctrine of respondeat superior, on the ground that an action against a principal is barred by the running of limitations against his employee. Consequently, his motion for summary judgment was also granted, and the suit was ordered dismissed.

Upon the plaintiff's appeal, the Court of Special Appeals reversed and remanded the case for trial, *Connolley v. Collier,* 39 Md. App. 421, 385 A. 2d 826 (1978). Disagreeing with the circuit court, the Court of Special Appeals believed that the language of § 8-104 (e) was sufficiently ambiguous to require recourse to principles of statutory construction. It went on to hold that the Legislature intended the three-year limitations period to apply to actions against an estate when insurance is in effect. A principal ground for the Court of Special Appeals' holding was the rule of statutory construction, recognized by some courts according to

Sutherland, that where a statute of doubtful meaning is rendered certain by subsequent legislation, the subsequent statute is "strong evidence of what the legislature intended by the first statute." 2A Sutherland, *Statutes and Statutory Construction,* § 49.11 (Sands ed. 1973). The Court of Special Appeals, applying this rule, relied on the intent expressed by a 1977 statute which was enacted, according to its title, for "the purpose of correcting certain errors" in the law relating, *inter alia,* to the presentation of claims against an estate, Ch. 464 of the Acts of 1977. *See* 39 Md. App. at 426-427. Because of its conclusion that limitations had not run, it was unnecessary for the court to decide if the running of limitations against the employee barred an action against the employer based on respondeat superior.

We shall affirm, finding ourselves in agreement with the Court of Special Appeals that under § 8-104 (e), the period of limitations in this case was three years. We believe that this result is warranted by the language of the statute and settled principles of statutory construction. However, unlike the Court of Special Appeals, we do not place much weight upon what the Legislature, in 1977, said was intended in a 1974 statute. *Cf. Director v. Myers,* 232 Md. 213, 218, 192 A. 2d 278 (1963); *A. G. Crunkleton v. Barkdoll,* 227 Md. 364, 369, 177 A. 2d 252 (1962); *Annapolis v. Arundeland, Inc.,* 205 Md. 170, 177, 106 A. 2d 493 (1954); *Theatrical Corp. v. Trust Co.,* 157 Md. 602, 609, 146 A. 805 (1929); *Marburg v. Mercantile Bldg. Co.,* 154 Md. 438, 443, 140 A. 836 (1928).

The critical language from the Estates & Trusts Article, prior to the 1977 amendment, is as follows:

Section 8-103:

"(a) *General.* — Except as otherwise expressly provided by statute with respect to claims of the United States and the state, *all claims against an estate of a decedent,* whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract, tort, or other legal basis, *are forever barred* against the estate, the personal representative, and the heirs and legatees, *unless*

*presented within six months* after the first appointment of a personal representative." (Emphasis supplied.)

Section 8-104:

"(d) *Commencement of suit.* — When a cause survives death, the claimant is not required to file a claim under subsections (b) or (c). He may commence an action against the estate or against a person to whom property has been distributed, but *the commencement of the action must occur within the time limited for the filing of claims.*

"(e) *Where insurance exists.* — *Notwithstanding the other provisions of this section,* an action against the estate may be instituted *after the expiration of the time designated in this section* but within the period of limitations *generally applicable* to actions against the estate *in the event the decedent was covered by an existing liability insurance policy* at the time of the occurrence. The existence of insurance coverage is not admissible at the trial of the case and the judgment is limited to the extent of existing insurance if a verdict is rendered against the estate. These provisions permit claims against the Unsatisfied Claim and Judgment Fund of the state, if otherwise proper." (Emphasis supplied.)

The defendants maintain that the above provisions unambiguously provide for a six-month limitations period for all claims against an estate, including those where insurance coverage exists. The basis for their position is the language of § 8-104 (e), declaring that where insurance exists, actions against an estate must be instituted "within the period of limitations generally applicable to actions against the estate." The six-month time period for filing actions against an estate is set forth in § 8-103 (a) and § 8-104 (d), which govern "all claims against an estate of a decedent." Thus, according to the defendants' argument, when § 8-104 (e) refers to the limitations period "generally applicable to actions against the estate," it is referring to this six-month time period, since it

is the only statute of limitations bearing upon actions against an estate. Although conceding that the "General Assembly did not mean" to establish a six-month limitation period for claims against an estate covered by insurance, nonetheless the defendants, citing *Slate v. Zitomer,* 275 Md. 534, 341 A. 2d 789 (1975), *cert. denied sub nom. Gasperich v. Church,* 423 U. S. 1076, 96 S. Ct. 862, 47 L.Ed.2d 87 (1976), insist that a court should not look beyond the clear wording of the statute to ascertain the intention of the Legislature.

If we agreed with the defendants that the language of § 8-104 (e) clearly and unambiguously supported their position, which was the case with the statutory language involved in *Slate v. Zitomer, supra,* we would also agree that a court should not look further and attempt to ascertain a legislative intent contrary to the plain language. This Court has repeatedly pointed out that where the language of a statute is entirely free of ambiguity, there is no need to look elsewhere in order to ascertain the Legislature's intent; instead, the statutory language should be given effect in accordance with the clear meaning of the words. *Gietka v. County Executive,* 283 Md. 24, 27, 387 A. 2d 291 (1978); *Criminal Inj. Comp. Bd. v. Remson,* 282 Md. 168, 193, 384 A. 2d 58 (1978); *Wheeler v. State,* 281 Md. 593, 596, 380 A. 2d 1052 (1977), *cert. denied,* 435 U. S. 997, 98 S. Ct. 1650, 56 L.Ed.2d 86 (1978); *Guy v. Director,* 279 Md. 69, 72, 367 A. 2d 946 (1977); *Maryland Auto. Ins. Fund v. Stith,* 277 Md. 595, 597, 356 A. 2d 272 (1976). It is not the proper function of courts, under the guise of statutory construction, to supply omissions or remedy alleged defects in statutes or insert provisions not made by the Legislature. *Wheeler v. State, supra,* 281 Md. at 596-597; *Coleman v. State,* 281 Md. 538, 546-547, 380 A. 2d 49 (1977); *In re Appeals Nos. 1022 & 1081,* 278 Md. 174, 178, 359 A. 2d 556 (1976); *Slate v. Zitomer, supra; Patapsco Trailer v. Eastern Freight.,* 271 Md. 558, 564, 318 A. 2d 817 (1974); *Birmingham v. Board,* 249 Md. 443, 239 A. 2d 923 (1968). These principles, however, do not aid the defendants in the instant case. The language of § 8-104 (e) simply does not unambiguously require the conclusion that, where there is liability insurance, the period of limitations in

actions against an estate is six months. On the contrary, although there is a degree of ambiguity, the language of the section taken as a whole supports the plaintiff's position.

Subsection (e) of § 8-104 begins by stating: "Where insurance exists. — Notwithstanding the other provisions of this section . . . ." The *other* provisions of the section specify a six-month period of limitations. The beginning language of subsection (e), by the word "notwithstanding," thus suggests that a different period of limitations shall be applicable where there is insurance. The wording of subsection (e) continues by saying that "an action against the estate may be instituted *after* the expiration of the time designated in this section." This phrase clearly indicates that an action against an estate, where there is insurance, may be filed after the six-month limitation period otherwise designated in the section. Subsection (e) then provides: "but within the period of limitations generally applicable to actions against the estate." These last three words, upon which the defendants rely, do create some ambiguity. However, the more reasonable interpretation of the words "generally applicable to actions against the estate," in light of the earlier language of the subsection, is the period of limitations which would generally be applicable to actions, including actions against estates, in the absence of the special six-month period established by subsection (d). This would be the three-year general period of limitations. *See* Code (1974), § 5-101 of the Courts and Judicial Proceedings Article.

The legislative history of § 8-104 (e) and its predecessor confirms this interpretation.[1] In 1966, the General Assembly first enacted a provision to allow a suit against an estate, where insurance exists, to be brought more than six months after qualification of the personal representative. Ch. 642, § 1 of the Acts of 1966, provided that an "action against the estate . . . may be instituted after the expiration of six months but within the statute of limitation in the event the deceased was covered by an existing insurance policy at the time of the

---

1. In construing statutes, resort may, of course, be had to legislative history. Blumenthal v. Clerk of Cir. Ct., 278 Md. 398, 403, 365 A. 2d 279 (1976); Kadan v. Bd. of Sup. of Elections, 273 Md. 406, 414, 329 A. 2d 702 (1974).

occurrence." In 1969, this provision was amended to read, "[n]otwithstanding the foregoing, any such action against the estate may be instituted after the expiration of the time above designated [six months] but within the period of limitations generally applicable to *such actions* in the event the decedent was covered by an existing insurance policy at the time of the occurrence." Code (1957, 1969 Repl. Vol.), Art. 93, § 8-104, Ch. 3 of the Acts of 1969. In 1974, in the process of codifying the law of estates and trusts in one article, Art. 93 was repealed in its entirety and reenacted as part of the Estates & Trusts Article. Ch. 11, §§ 1 and 2 of the Acts of 1974. In the process of recodification, the language of the former § 8-104 of Art. 93, to the effect that suits against an estate covered by insurance had to be brought "within the period of limitations generally applicable to *such actions,*" was changed to read, "within the period of limitations generally applicable to *actions against the estate.*" (Emphasis supplied.)

In sum, beginning in 1966 and through July 1, 1974, the statutory language clearly provided that in suits against an estate where insurance exists, the three-year statute of limitations controlled. Then, in 1974, as a result of recodification, there was a minor change in phraseology, and this change furnishes the basis for the defendants' argument that the special six-month provision, applicable where there is no insurance, also governs actions against an estate covered by insurance. In codifying the Estates & Trusts provisions in 1974, the revisor's note adjacent to the Act itself states: "This section presently appears as Art. 93, § 8-104. Two additional subsections are drawn. The only other changes are in style and language." Ch. 11, § 8-104 (e) of the Acts of 1974. Because of the placement of the revisor's note below the text of the Act, one could assume that the members of the General Assembly were aware of the revisor's observation. Thus, it is likely that the members of the General Assembly, in approving the codification and enacting this subsection, intended no substantive change. With regard to a similar revisor's note in a recodification of the laws relating

to natural resources, the Court stated in *Bureau of Mines v. George's Creek,* 272 Md. 143, 155, 321 A. 2d 748 (1974):

"The revisor's note to § 7-505 states that only changes of style were made in the recodification of Chapter 355. While § 10 of Chapter 4 provides that the revisor's notes shall not become law or be deemed to have been enacted as part of the recodification, it is well settled that because 'the principal function of a Code is to reorganize the statutes and state them in simpler form, changes are presumed to be for the purpose of clarity rather than for a change in meaning.' *Welsh v. Kuntz,* 196 Md. 86, 97, 75 A. 2d 343 (1950). Even a change in the phraseology of a statute in a codification will not as a general rule modify the law, unless the change is so radical or material that the intention of the Legislature to modify the law appears unmistakably from the language of the Code. *Welch v. Humphrey,* 200 Md. 410, 417, 90 A. 2d 686 (1952)."

The change in what is now § 8-104 of the Estates & Trusts Article, as a result of the 1974 recodification, was not such that the intention of the Legislature to change the law "appears unmistakably." Rather, the legislative history and revisor's note strongly suggest that no substantive change was intended.

Furthermore, if we were to construe subsection (e) of § 8-104 to provide a six-month period of limitations instead of a three-year period when there is insurance, the entire subsection would become totally superfluous, adding nothing to the law. Subsection (d) of § 8-104 already provides for a six-month period of limitations for the commencement of an action against an estate. There is no exception in subsection (d) for actions where liability insurance is present. Unless some other provision prescribes a different limitations period in actions against an estate where such insurance is present, subsection (d) will control. Consequently, to construe subsection (e) as not prescribing a different period but setting forth the same six-month period, would make the entire

subsection (e) surplusage. Such a construction is to be avoided if at all reasonably possible. *Condominium Owners v. Supervisor,* 283 Md. 29, 32, 388 A. 2d 116 (1978); *Schweitzer v. Brewer,* 280 Md. 430, 438, 374 A. 2d 347 (1977); *Supervisor v. Southgate Harbor,* 279 Md. 586, 590, 369 A. 2d 1053 (1977); *Blumenthal v. Clerk of Cir. Ct.,* 278 Md. 398, 403, 365 A. 2d 279 (1976); *Holmes v. Crim. Injuries Comp. Bd.,* 278 Md. 60, 66, 359 A. 2d 84 (1976); *Gillespie v. R & J Constr. Co.,* 275 Md. 454, 457, 341 A. 2d 417 (1975).

For the foregoing reasons, we agree with the Court of Special Appeals that the period of limitations in this case was three years rather than six months.

*Judgment affirmed.*
*Petitioners to pay costs.*