JOHN McSHAIN, INC. OF MARYLAND v. STATE OF
MARYLAND ET AL.

[No. 126, September Term, 1979.]

*Decided March 11, 1980.*

The cause was argued before MURPHY, C. J., and SMITH,
DIGGES, ELDRIDGE, COLE, DAVIDSON and RODOWSKY, JJ.

*Alva P. Weaver, III,* with whom were *David F. Clinnin* and *Lord, Whip, Coughlan & Green, P.A.* on the brief, for appellant.

*Thomas A. Baker, Assistant Attorney General,* with whom were *Stephen H. Sachs, Attorney General,* and *Allan S. Levy, Assistant Attorney General,* on the brief, for appellees.

MURPHY, C. J., delivered the opinion of the Court.

The issue in this case is whether the defense of sovereign immunity may be successfully asserted in a suit for money damages filed against the State and one of its agencies, the University of Maryland, for the alleged breach of a construction contract executed prior to July 1, 1976, but amended subsequent to that date by a series of contract modifications known as "change orders."

By ch. 450 of the Acts of 1976, codified as Maryland Code (1957, 1978 Repl. Vol.), Art. 41, § 10A, the legislature waived the defense of sovereign immunity theretofore available to the State in contract actions.[1] The statute provides that neither the State nor any of its agents may plead sovereign immunity "in an action in contract based upon a written contract executed on behalf of the State ...."[2] The Act, which became effective on July 1, 1976, provides in § 6: "[T]his Act shall not apply to any action based on a contract entered into or executed prior to the effective date of this Act."

---

[1] *See, e.g.,* American Structures v. City of Balto., 278 Md. 356, 364 A.2d 55 (1976); Chas. E. Brohawn & Bros. v. Board, 269 Md. 164, 304 A.2d 819 (1973).

[2] Section 10A (a) provides:

"Unless otherwise specifically provided by the laws of Maryland, the State of Maryland, and every officer, department, agency, board, commission, or other unit of State government may not raise the defense of sovereign immunity in the courts of this State in an action in contract based upon a written contract executed on behalf of the State, or its department, agency, board, commission, or unit by an official or employee acting within the scope of his authority."

(1)

On May 17, 1974, appellant John McShain, Inc. contracted with the State, for the use of the University of Maryland, to construct a building for $19,167,000. Under the terms of the contract, the State had the right to order changes in the work during the course of construction. The contract provided that "No order for change at any time or place shall in any manner or to any extent relieve the Contractor of any of his obligations under the Contract."

Beginning in May 1975, the parties executed a series of "change orders," each of which provided that "All work proposed herewith shall be done pursuant to the terms and conditions of the existing contract between [the parties] and, except as modified herein, the contract remains in full force and effect." Between July 1, 1976 and October 17, 1978, a total of eighteen "change orders" were executed, ranging in cost from $172 for relocating certain acid waste lines to $8,559 for installing insulation on specified spiral duct and flexible ductwork connections. These "change orders" increased the total contract price by $24,826.64, bringing the final total to $19,224,694.73. The building was completed in 1978.

McShain sued the State and the University in the Superior Court of Baltimore City for breach of contract, alleging three distinct grounds for recovery. First, McShain claimed that although it had fully performed its obligations under the contract, the State had refused to pay the sum of $117,226.24, which was due and owing. Second, McShain alleged that contrary to agreement, the State did not make the entire construction site available until November 5, 1974, four months after the agreed upon time. McShain asserted that this delay completely disrupted its construction procedures and the scheduling of its work and resulted in $1,581,155 in damages. Finally, McShain claimed that it suffered $2,000,000 in damages as a result of a two and a half year stop work order which related to the architectural design and equipping of the auditorium. None of these damage claims were based on an alleged breach of

any contract provision accountable to change orders effectuated after July 1, 1976.

Pursuant to Maryland Rule 323 a 9, the State raised a preliminary objection on the ground of sovereign immunity. The court (Sodaro, J.) granted the motion and entered judgment for the defendants, stating that the contract between the parties was entered into on May 17, 1974, "thus prior to July 1, 1976, after which time the Legislature removed the protection of sovereign immunity against the State of Maryland." The court concluded "that the approximately 28 change orders are not novations, nor do they have the legal effect of renewing the contract" so as to bring it within the provisions of § 10A of Art. 41.

On appeal,[3] McShain contends that the contract on which it bases its suit was in fact entered into after July 1, 1976. It reasons that each time the parties agreed to modify the original contract by entering into a "change order," a new contract sprang into existence. It claims that each of these new contracts was based on a new "meeting of the minds" at which point the parties intended to merge all the unmodified items of the original agreement into the modification contract. Thus, it claims that each change order represented a new modified agreement which took the place of the original contract and any previous modification contract. McShain argues that because the parties agreed to amend the terms of the original contract subsequent to July 1, 1976, they entered into and executed a new contract after the effective date of Article 41, § 10A and, therefore, sovereign immunity cannot be asserted to bar its suit.

The State contends that the execution of the various "change orders" does not alter the date on which the contract was entered into by the parties. It asserts that because the written contract between the parties was executed on May 17, 1974, a full two years before the effective date of Art. 41, § 10A, sovereign immunity remains a valid defense against McShain's suit.

---

3. We granted certiorari prior to decision by the Court of Special Appeals.

(2)

We have stated repeatedly that where the language of a statute is free from ambiguity, there is no need to look elsewhere to ascertain the legislative intent. *See, e.g., Collier v. Connolley,* 285 Md. 123, 400 A.2d 1107 (1979); *Mauzy v. Hornbeck,* 285 Md. 84, 400 A.2d 1091 (1979). Instead, the statutory language should be given effect in accordance with the clear meaning of the words taken in their ordinarily and popularly understood meaning. *Board v. Stephans,* 286 Md. 384, 408 A.2d 1017 (1979); *Harbor Island Marina v. Calvert Co.,* 286 Md. 303, 407 A.2d 738 (1979).

In specifying that the waiver of sovereign immunity effected by § 10A was not applicable to any action "based on a contract entered into or executed" prior to July 1, 1976, the legislature, by unambiguous language of unmistakable import, directed that the statute be given a purely prospective application, measured by the commencement date of the contract sued upon, determined as a matter of fact. Thus, the legal theory advanced by McShain — vigorously disputed by the State — that a pre-July 1, 1976 contract, amended after that date, constitutes a new contract as a matter of law which is within the protection of § 10A, was not contemplated by the legislature as a viable test for determining whether the contract was "entered into or executed" before or after July 1, 1976. Where, as here, the action is based on a contract which was executed prior to July 1, 1976, and none of the damages claimed are predicated on an alleged breach of a provision of the contract inserted by amendment after July 1, 1976, it is manifest that the defense of sovereign immunity may properly be asserted consistent with the dictates of § 10A. Whether a contract action may be within the protection of § 10A where it is based solely on an alleged breach of a "change order" provision included in the contract by a post-July 1, 1976, amendment is a question not now before us and we do not reach it in this case.

*Judgment affirmed; costs to be paid by appellant.*